IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERIC K. BROOKS,**

    **Plaintiff,**

vs.                                          Case No.  4:19cv524-MW-MAF

**OFFICER D. MILLER,**

    **Defendant.**
_____/

**O R D E R**

Plaintiff, proceeding pro se and with in forma pauperis status, filed a civil rights complaint against Defendant D. Miller, a Tallahassee Police Officer.  ECF No. 1.  Defendant Miller filed a waiver of service in late December 2019, ECF No. 11, and an answer was filed on February 7, 2020.  ECF No. 12.  An Initial Scheduling Order was entered, ECF No. 15, and the discovery period is set to end on June 15, 2020.  Notwithstanding, Defendant has now filed a motion for summary judgment.  ECF No. 17.

Pursuant to Rule 56, a "party may file a motion fo summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).  Thus motion is appropriate, but Plaintiff shall be give the benefit of

the full discovery period before he is required to file a response. Because Plaintiff is proceeding pro se, this Order is entered to give guidance as to Plaintiff's burden in opposing the motion, and set a deadline for doing so.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987) (citing Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985)). The Court must give notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default. Plaintiff is advised that summary judgment may be entered without a trial and that the moving party's evidence may be accepted as true if he does not file a response which contradicts Defendant's assertions.

Rule 56 directs that summary judgment should be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The non-moving party must then show[1] the Court "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325, 106 S. Ct. at 2554.

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). A party must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., LTD. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)). All reasonable inferences

---

[1] Rule 56 requires the nonmoving party to point to affidavits, admissions, answers to interrogatories, depositions, and the like to show "there is a genuine issue for trial." Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998).

Case No. 4:19cv524-MW-MAF

must be resolved in the light most favorable to the nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (cited in Ricci v. DeStefano, 557 U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356 (internal quotation marks omitted) (quoted in Ricci, 557 U.S. at 586, 129 S. Ct. at 2677).

In general, a defendant need not negate a plaintiff's claim. Defendant need only show "there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial." Hickson Corp., 357 F.3d at 1260; *see also* Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2554. However, Plaintiff must "present evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).

Evidentiary material which would be acceptable to support a factual assertion includes affidavits, sworn documents, depositions, admissions,

Case No. 4:19cv524-MW-MAF

interrogatory answers or other such evidence indicating the absence or existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Affidavits or declarations offered "to support or oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Reliance on the pleadings is not sufficient.

Pursuant to Local Rule 56.1, a party opposing a motion for summary judgment must file "a memorandum of up to 8,000 words and any opposing evidence not already in the record." N.D. Fla. Loc. R. 56.1(C). "The memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief." *Id.* "The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts." *Id.* A party may file a reply memorandum "only if the opposing memorandum raised new matters not addressed in the original supporting memorandum." N.D. Fla. Loc. R. 56.1(D). All memoranda "must include pinpoint citations to the record evidence supporting each factual assertion." N.D. Fla. Loc. R. 56.1(F).

Thus, the pinpoint citation must enable the Court to readily locate the source of the asserted fact.[2]

Plaintiff shall have until **June 29, 2020**, in which to file a response in opposition to Defendants' summary judgment motion, ECF No. 17. A reply memorandum, if permissible under Rule 56.1(D), must be filed no later than **July 7, 2020**. If additional time is needed to comply with this Order, the party must file a motion for extension of time (describing why the time is needed and how much time is necessary) <u>before</u> the date on which the summary judgment motions will be taken under advisement.

Additionally, this Order does not preclude Plaintiff from filing his own motion for summary judgment. As advised within the Initial Scheduling Order, Plaintiff may do so by **July 7, 2020**.[3] Plaintiff should note, however,

---

[2] Pursuant to Federal Rule of Civil Procedure 56(c), a party asserting that a fact is either genuinely disputed or cannot be genuinely disputed, must support that assertion by citing to specific materials in the record (including depositions, documents, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The parties should take note that this Court reviews the cited portions of the record. Discrepancies between factual assertions in the parties' memoranda and the actual record do not go unnoticed. The parties should take care to distinguish between record evidence and inferences which can reasonably be made from that evidence.

[3] The Initial Scheduling Order erroneously set a deadline of July 5, 2020, for the filing of summary judgment motions. ECF No. 15. However, because that date is a Sunday,

that filing his own motion for summary judgment does not relieve him of the obligation to file a response in opposition to Defendant's motion.

Finally, the parties are advised that an Administrative Order has been entered, reassigning this case to the undersigned Magistrate Judge. ECF No. 16. The case number has changed as shown above and must now be included on all documents filed to reflect the change in judicial assignments.

Accordingly, it is

**ORDERED:**

1. Ruling is **DEFERRED** on Defendant's motion for summary judgment, ECF No. 17.

2. Plaintiff must file his opposition to the Defendants' motion for summary judgment no later than **June 29, 2020**.

3. A reply memorandum, if permissible under Rule 56.1(D), must be filed by Defendant Miller by **July 7, 2020**.

---

it is hereby extended to Tuesday, July 7, 2020.

Case No. 4:19cv524-MW-MAF

4.  Plaintiff shall have until **July 7, 2020**, in which to file his own motion for summary judgment and the Initial Scheduling Order, ECF No. 15, is modified accordingly.[4]

5.  Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

6.  The Clerk shall return this file upon the Plaintiff's filing of a response to the summary judgment motion, the filing of a reply to Plaintiff's response, or no later than July 7, 2020.

**DONE AND ORDERED** on May 4, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Should Plaintiff file his own motion for summary judgment, Defendant may await entry of an Order setting a deadline to file a response.