UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC K. BROOKS,

       Plaintiff,

v.                           Case No.:  4:19CV524-MW-MAF

DAMON MILLER,

       Defendant.
_____/

## DEFENDANT'S MOTION TO STAY DISCOVERY
## PENDING RULING ON MOTION FOR SUMMARY JUDGMENT

Defendant Damon Miller, by and through undersigned counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's inherent, broad authority to manage discovery, hereby moves this Court to stay further discovery in this matter, pending an order regarding Defendant's argument on qualified immunity contained in the Motion for Summary Judgment (ECF No. 17).

### A. *Procedural Background and Standard on Motion to Stay Discovery*

Plaintiff, proceeding *pro se* and with *in forma pauperis* status, filed a civil rights complaint against Defendant Damon Miller, a Tallahassee Police Officer. ECF No. 1. Defendant Miller filed a waiver of service in late December 2019, ECF No. 11, and an answer was filed on February 7, 2020. ECF No. 12. An Initial Scheduling Order was entered on March 5, 2020 (ECF No. 15), and the discovery period was

set by that Order to end on June 15, 2020. Defendant filed a motion for summary judgment on May 1, 2020. ECF No. 17.

The Court's Order Deferring Ruling on Defendant's Motion for Summary Judgment (ECF No. 18) states a concern with ruling on the motion prior to the completion of discovery. Plaintiff served discovery on Officer Miller on March 24, 2020, including 11 Requests for Production and 14 Interrogatories. On April 15, 2020, Officer Miller served Verified Answers to Interrogatories, as well as Responses to the Request for Production with 230 pages of requested records. Pursuant to the federal rules regarding discovery, none of these documents have been filed with the Court, but based on the Court's Order (ECF No. 18), undersigned counsel brings this discovery process to the Court's attention and notes that Officer Miller's Motion for Summary Judgment was filed on May 1, after the service of discovery had been provided to Plaintiff. Plaintiff has now served a second set of Interrogatories,[1] as well as a second Request for Production on Defendant Miller.

Under Federal Rule of Civil Procedure 26, courts may grant motions to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v.*

---

[1] Although Plaintiff is proceeding *pro se*, he still must comply with the Federal Rules of Procedure, which mandate that only 25 Interrogatories, "including discrete subparts," may be served in a federal lawsuit. Fed. R. Civ. Pro. 33. Plaintiff's Second Set of Interrogatories includes 27 new Interrogatories and subparts, bringing the total number of Interrogatories served, including discrete subparts, to 41, which is well above the number of Interrogatories permitted under Federal Rule 33. Furthermore, many of the Interrogatories are not reasonably calculated to lead to admissible evidence, based on their irrelevance to the legal issues in this case.

*Foley*, 233 F.R.D. 683, 685 (M.D.Fla.2006). "A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987); *see also Harlow v. Fitzgerald,* 457 U.S. 800 (1982) (discovery may be stayed to determine the dispositive issue of immunity of government officials). A request to stay discovery pending resolution of a motion should rarely be granted unless resolution of the motion will dispose of the entire case. *McCabe,* 233 F.R.D. at 685. Where a party requests a stay pending resolution of a dispositive motion, the court must take a "preliminary peek" at the motion to determine whether the motion appears clearly meritorious and case dispositive. *Sprint Solutions, Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1078 (M.D. Fla. 2014) (citing *McCabe*, 233 F.R.D. at 685). The pending Motion for Summary Judgment in this case is both meritorious and dispositive on its face. Defendant will briefly address the dispositive nature of the pending motion to aid the Court in a determination regarding this request to stay further discovery.

### B. *Qualified Immunity Shields Officers From Suit As Well As Liability*

Qualified immunity protects government officials performing discretionary functions from not only civil liability but also from discovery and trial if their conduct violates "no clearly established statutory or constitutional rights of which a reasonable person would have known."  *Post v. City of Fort Lauderdale*, 7 F.3d

1552, 1556 (11th Cir. 1993) (modified, 14 F.3d 583 (11th Cir. 1994)); *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). A police officer accused of a Fourth Amendment violation is entitled to qualified immunity if his actions are objectively reasonable. *See Graham v. Connor*, 490 U.S. 386 (1989); *Nolin v. Isabell*, 207 F.3d 1253 (11th Cir. 2000); *Priester v. City of Riviera Beach*, 208 F.3d 919 (11th Cir. 2000). To overcome qualified immunity, Plaintiff must demonstrate that Officer Miller's conduct violated "clearly established (federal) statutory or constitutional rights of which a reasonable person would have known." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir.2003). It is well established in the Eleventh Circuit that "only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The United States Supreme Court has held that a qualified immunity analysis involves two discrete queries. First, this Court must decide whether the facts alleged, assuming they are true, demonstrate that the officer violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Only if the first query is answered in the affirmative, does this Court proceed to the second query, which is to determine whether the right violated was clearly established. As laid out in detail in Officer Miller's Motion for Summary Judgment (ECF No. 17), Plaintiff Eric Brooks cannot

establish any violation of his constitutional rights, and Officer Miller should be shielded from further discovery under the law of qualified immunity.

Based on the record evidence before this Court, it cannot reasonably be disputed that Plaintiff Eric Brooks was driving a car although he has no valid driver's license and, per his own admission supported by DAVID's records, has never had a valid driver's license. Thus, Officer Miller had probable cause to arrest Mr. Brooks for this violation of the law, barring any claim of false arrest in violation of the Fourth Amendment. As seen clearly on the video made a part of the record on summary judgment, during a lawful search incident to arrest, Officer Miller found an illegal substance—crack cocaine—on Plaintiff's person. Officer Miller then had probable cause to arrest Plaintiff for that violation of law as well. It is of no consequence that these charges were later dropped by the State Attorney. Because there was probable cause for Plaintiff's arrest for these charges, Plaintiff's claim for false arrest (Count I) must fail, and Officer Miller is entitled to qualified immunity.

Plaintiff's claim of excessive force in violation of the Fourth Amendment is that Officer Miller "slammed Plaintiff against his patrol vehicle" is demonstrably false per the undisputed video evidence and need not be considered in an analysis of excessive force. The only remaining claim of excessive force made against Officer Miller is that he handcuffed Plaintiff too tightly. Although this allegation is also not supported by the indisputable record evidence, even if accepted as true by the Court,

courts have routinely hold that "painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." *Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2002). Officer Miller is thus entitled to qualified immunity on Plaintiff's claim of excessive force (Count II).

Furthermore, the allegations in Plaintiff's Complaint and the record evidence are insufficient to support a claim of deliberate indifference under the Fourteenth Amendment. Nothing that Plaintiff alleges "shocks the conscious," and there are no allegations nor record evidence that Plaintiff needed "serious medical attention" or that his failure to receive the attention he sought caused any injury or made any injury worse. *See Watkins v. Pinnock*, 2017 WL 10398206 (S.D. Fla. Nov. 20, 2017) (dismissing a claim for a constitutional failure to provide medical care because "there are no allegations that the medical staff caused Plaintiff's injuries, or even made them worse. There are no allegations to support that nay of the medical personnel had knowledge of a serious medical need, ignored it, and as a result caused Plaintiff's injury."). Plaintiff has failed to prove or even to allege a claim for deliberate indifference. Officer Miller is entitled to qualified immunity with regard to Plaintiff's claims in Count III.

And finally, even if Plaintiff could establish a violation of one of the constitutional rights enumerated above, which he cannot, his claims still must fail, as he has not (and cannot) establish any conduct that violates "clearly established

statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *protecting from suit* all but the plainly incompetent or one who is knowingly violating the federal law." *Lee*, 284 F.3d at 1194 (emphasis added). Again, qualified immunity is meant to shield government actors from suit, as well as from liability. Officer Miller should be shielded from continued discovery requests by Plaintiff pending the Court's ruling on the issue of qualified immunity, especially in light of all of the discovery that has already been provided to Plaintiff.

### C. Conclusion

This Motion to Stay any further discovery in this case is reasonable and made with good cause considering the dispositive motion pending before this court and the fact that Officer Miller has already provided full discovery responses to Plaintiff. Therefore, Officer Miller seeks relief from this Court from further discovery obligations pending a ruling on the dispositive Motion for Summary Judgment, which does not require further discovery to resolve.

WHEREFORE, for the reasons stated above, Officer Miller seeks an Order from this Court staying any further discovery obligations pending a ruling on the

issue of qualified immunity addressed in Defendant's Motion for Summary

Judgment (ECF No. 17).

Dated:  May 7, 2020

Respectfully submitted,

s/ Hannah D. Monroe

Florida Bar Number:  102762
Assistant City Attorney
City Attorney's Office
300 South Adams Street, Box A-5
Tallahassee, FL  32301
(850) 891-8554; Fax: (850) 891-8973
Hannah.Monroe@talgov.com
*Attorney for Defendant*
*City of Tallahassee*

## CERTIFICATION OF WORD COUNT

Defendant certifies that the motion and memorandum of law is 1691 words.

 s/Hannah D. Monroe

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 7, 2020, a copy of the foregoing document was served by regular mail to Plaintiff, Eric K. Brooks, Inmate No.: 582151, Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, FL  32124

<div style="margin-left:40%">

s/ Hannah D. Monroe

Hannah D. Monroe

Florida Bar Number:  102762

Assistant City Attorney

City Attorney's Office

300 South Adams Street, Box A-5

Tallahassee, FL  32301

(850) 891-8554; Fax: (850) 891-8973

Hannah.Monroe@talgov.com

*Attorney for Defendant*

*City of Tallahassee*

</div>