# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ERIC K. BROOKS,**

   **Plaintiff,**

vs.                                           Case No. 4:19cv524-MW-MAF

**OFFICER D. MILLER,**

   **Defendant.**
_____/

# O R D E R

Plaintiff, proceeding pro se and with in forma pauperis status, filed a civil rights complaint against Defendant D. Miller, a Tallahassee Police Officer. ECF No. 1. Plaintiff's complaint alleges that Defendant Miller used excessive force when arresting Plaintiff, that his arrest was unlawful because it was without probable cause, that Defendant conducted an unlawful search of Plaintiff and denied him medical care. *Id.*

Defendant Miller waived service, ECF No. 11, and filed an answer on February 7, 2020. ECF No. 12. An Initial Scheduling Order was entered, ECF No. 15, and the discovery period is currently set to end on June 15, 2020.

Defendant filed a motion for summary judgment on May 1, 2020. ECF No. 17. An Order was recently entered noting that under Rule 56, a "party may file a motion fo summary judgment at any time until 30 days after the close of all discovery." ECF No. 18 (quoting Fed. R. Civ. P. 56(b)). It was explained that the motion was appropriate to file, but advising that Plaintiff should be given the benefit of the full discovery period before he is required to file a response. ECF No. 18. Because Plaintiff is pro se, the Order provided guidance as to Plaintiff's burden in opposing the motion, and set a deadline for doing so. *Id.*

Defendant Miller has now filed a motion to stay discovery pending a ruling on Defendant's argument as to qualified immunity as contained within the motion fo summary judgment. ECF No. 19. Defendant advises that in late March, Plaintiff served discovery on the Defendant which consisted of 11 requests for production and 14 interrogatories. *Id.* at 2. Responses were served on April 15, 2020. *Id.* Defendant Miller advises that Plaintiff has now served a second set of interrogatories on Defendant Miller, as well as a second request for production. *Id.* Defendant advises that Plaintiff's second discovery request exceeds the number of interrogatories permitted by Federal Rule of Civil Procedure 33. *Id.*

"[Q]ualified immunity - which shields Government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights,' Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) - is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (quoted in Ashcroft v. Iqbal, 556 U.S. 662, 672, 129 S. Ct. 1937, 1945–46, 173 L. Ed. 2d 868 (2009)). To best preserve the defense and avoid discovery, qualified immunity is often raised in a motion to dismiss. That is especially appropriate when the defense "turns on an issue of law." Mitchell, 472 U.S. at 530, 105 S. Ct. at 2817. The defense was presented in this case, however, in a motion for summary judgment.

Here, Plaintiff's allegations in the complaint omitted the basis presented in Defendant's summary judgment motion for Defendant's interaction with Plaintiff - that Defendant observed Plaintiff driving a vehicle. *See* ECF No. 17 at 2. Plaintiff's complaint begins at the point in time in which Plaintiff was standing outside talking to other people and not in a vehicle. ECF No. 1 at 5. It is not readily apparent what additional discovery Plaintiff might need to respond to Defendant's summary

judgment motion. Thus, it is also not apparent that staying discovery will prejudice Plaintiff, especially in light of the discovery already served.

The defense of qualified immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" Behrens v. Pelletier, 516 U.S. 299, 308, 116 S. Ct. 834, 839, 133 L. Ed. 2d 773 (1996). Accordingly, the motion to stay discovery pending a ruling on the motion for summary judgment is granted. This Order makes clear, however, that should that defense be rejected, discovery will resume.

Furthermore, an opportunity is given to Plaintiff to file a response to this Order and demonstrate a specific discovery request that has already been made as of this date which Plaintiff contends he needs to receive before responding to summary judgment.[1] Any such response must clearly explain why the discovery is needed to adequately respond to the motion. That is particularly important in a case in which Plaintiff was present during the events at issue and should be well aware of what transpired. Plaintiff's response to this Order, if necessary, must be filed by **May 28, 2020**.

---

[1] Considering that the deadline for conducting discovery is June 15, 2020, a discovery request must have been served by this date to be timely. See ECF No. 15.

Case No. 4:19cv524-MW-MAF

Absent the filing of such a response, Plaintiff's deadline to respond to the motion for summary judgment is expedited to **June 15, 2020**.

In light of this Order, Plaintiff's recently submitted request for 12 subpoenas is denied without prejudice. ECF No. 20. In addition, as future guidance to Plaintiff, he is advised that serving subpoenas comes at a cost. *See* Fed. R. Civ. P. 45(b). The costs of serving subpoenas and paying attendances fees are not costs that are authorized to be paid by the Court under 28 U.S.C. § 1915(c),(d). Because Plaintiff is currently incarcerated, he must pay the costs of serving a subpoena to the United States Marshals Service. However, Plaintiff was granted in forma pauperis status in this case, ECF No. 5, and has not been required to pay even an initial partial filing fee. It does not appear that Plaintiff is able to pay for the costs of service of subpoenas.

Accordingly, it is

**ORDERED:**

1. Defendant's motion to stay discovery pending a ruling on the summary judgment motion, ECF No. 19, is **GRANTED**.

2. Plaintiff may file a response to this Order, if necessary, by **May 28, 2020**, and demonstrate any specific discovery Plaintiff believes is necessary for him to adequately respond to summary judgment.

3. Plaintiff's deadline to respond to the motion for summary judgment is **June 15, 2020**, and the prior Order, ECF No. 18, is modified accordingly.

4. Plaintiff's motion to issue subpoenas, ECF No. 20, is **DENIED** without prejudice.

5. Defendant may file a reply memorandum, if permissible under Rule 56.1(D), by **June 22, 2020**.

6. Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

7.  The Clerk shall return this file upon the Plaintiff's filing of a response to this Order, a response to the pending summary judgment motion, or no later than June 15, 2020.

**DONE AND ORDERED** on May 12, 2020.

> S/  Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**