UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA
CI ON 5/18/20
FOR MAILING BY

ERIC K. BROOKS,
    Plaintiff,

vs.

Case No.: 4:19cv0524-MW/MAF

OFFICER DAMON MILLER,
    Defendant.
_____/

## MOTION FOR LEAVE TO SUBMIT ADDITIONAL INTERROGATORIES TO DEFENDANT DAMON MILLER

COMES NOW THE PLAINTIFF, Eric K. Brooks, pro se, pursuant to Rule 26(b)(2) and Rule 33(a), Fed. R. Civ. P., and moves this Court to grant leave to seek true and correct responses to 16 additional interrogatories from Defendant Damon Miller, in support of which he offers the following:

1. Plaintiff served his First Interrogatories to Defendant Damon on March 24, 2020, including 14 interrogatories, along with Plaintiff's First Request For Production of Documents.

2. Defendant through counsel responded to the Interrogatories on April 15, 2020.

3. Defendant also produced 230 pages of documents responsive to Plaintiff's First Request For Production of Documents at that time; all but 2 documents, Bates #49 and 50, were subsequently served on Plaintiff.

4. Plaintiff contacted Defendant's counsel Hannah D. Monroe on April 22, 2020 to informally make her aware of the failure to produce Bates #49-50 and ask her assistance in resolving the discovery conflict. To date she has not acknowledged that notice.

5. Plaintiff formally noticed Ms. Monroe of the non-service of the missing items on April 27, 2020; at that time he also informed her of his concerns over the legally non-responsive nature of Defendant Miller's answers to interrogatories #'s 1, 2, 4, and 7, and the rewording of #'s 6, 9, and 10.

6. Plaintiff also objected to the legally insufficient jurat which Defendant Miller subscribed to his Answers to Interrogaties; he asked that Miller resubscribe the Interrogatories with the appropriate Oath. To date no reply has been received.

7. These objections were formally presented to counsel in Plaintiff's Objections to Defendant's Answers to Interrogatories on April 27, 2020.

8. On April 27, 2020, after carefully examining Defendant's responses to interrogatories and the documents produced in response to First Request For Production of Documents, Plaintiff served his Second Request for Production of Documents, First Request for Admissions, and Second Interrogatories for Defendant Damon Miller.

9. To date, Defendant's counsel has not responded to Plaintiff's good-faith efforts to resolve the various discovery conflicts described above, has not responded to Plaintiff's Objections to Defendant's Answers to Interrogatories, and has not contacted Plaintiff in any way.

10. Defendant's counsel alluded to Plaintiff's second round of document requests, interrogatories, and first request for admissions in her Defendant's Motion to Stay Discovery Pending Ruling on Motion for Summary Judgment, Doc. 19, p.2. While she wishes the court to note that she responded, albeit incompletely, to Plaintiff's first round of discovery requests prior to filing her Motion for Summary Judgment (Doc. 17) on May 1, 2020, she neglects to mention that Plaintiff's second round of discovery requests was filed on April 27, 2020, 4 days prior to her Motion for Summary Judgment.

## ARGUMENT

Plaintiff disputes Defendant's counsel's description of the number of interrogatories, having submitted only 14 in the First Interrogatories and 25 in the Second Interrogatories, rather than the 27 she claims in her FN#1, Doc. 19, p.2. However, he does recognize that the limit is 25 per party and so seeks leave from the court to ask additional questions of Defendant Miller, being confident that Defendant's counsel will not give her consent to the extra questions, having not responded to any of Plaintiff's written communications.

Plaintiff asks this Court to consider the notes to the 1993 amendments to Rule 33(a), which makes clear that the limit was set to discourage abuse of the discovery process through repetitive or irrelevant interrogatories not reasonably calculated to lead to admissible evidence. Indeed, had Defendant's counsel followed the Rules governing discovery and listed her objections to any of the Interrogatories, Plaintiff could demonstrate both the relevance to the legal issues at bar and the evidence or facts which Plaintiff hoped to establish prior to filing his Opposition to Summary Judgment and pre-trial plan, if need be. Plaintiff's new interrogatories arose through diligently examining the documents and answers to earlier interrogatories. This close examination naturally gave rise to several new lines of inquiry calculated to produce admissible evidence. Defendant's counsel has now twice asked this Court to halt discovery before its scheduled conclusion; Plaintiff asserts that counsel seeks to avoid revealing additional inculpatory evidence.

It is also noteworthy that the first set of answers is arguably a legal nullity due to the legally-insufficient Oath which Defendant's counsel subscribed and which same Plaintiff has objected to, without result. Therefore, the 25 new interrogatories are within the limits of the letter of Rule 33. However, Plaintiff does not wish to quibble over this matter, or whether he asked 39 interrogatories or 41, as counsel counts them. Rather, Plaintiff avers that the additional 16 interrogatories do not impose an undue or onerous burden on Defendant, are not repetitive or in any way intended to harrass, are calculated to uncover additional admissible evidence or facts which Plaintiff could not reasonably have been expected to know prior to receiving the documents from Defendant, and are asked in the service of justice and due process, particularly considering the unavailability of conventional depositions to incarcerated pro se litigants.

WHEREFORE Plaintiff respectfully moves this Court to permit 16 additional interrogatories effectively authorizing Plaintiff to request answers to those which are presently served on Defendant, in the service of justice.

Respectfully submitted,

May 18, 2020

*Eric K. Brooks*
Eric K. Brooks, plaintiff

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have furnished a true copy of this Motion for Leave to Submit Additional Interrogatories to Defendant Damon Miller to Defendant's counsel Hannah D. Monroe, Attorney, 300 S. Adams St, Box A-5* by providing it to prison mail officials for prepaid first class US mail on this 18th day of May, 2020.
[*Tallahassee, FL, 32301]

*Eric K. Brooks*
Eric K. Brooks, plaintiff
#582151 Tomoka CI
3950 Tiger Bay Road
Daytona Beach, Florida 32124-1098

3

Eric Brooks 582151
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach, Florida
32124

MAILED FROM A STATE CORRECTIONAL INSTITUTION



U.S. POSTAGE >> PITNEY BOWES
ZIP 32124 $ 000.80
02 4W
0000360581 MAY 19 2020

CHECKED A... 2 2 2020

United States District Court
Northern District of Florida
Office of The Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730