IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERIC K. BROOKS,**

    **Plaintiff,**

vs.                                             Case No. 4:19cv524-MW-MAF

**OFFICER D. MILLER,**

    **Defendant.**

_____/

**O R D E R**

Defendant filed a motion for summary judgment, ECF No. 17, on May 1, 2020. In particular, the motion raises qualified immunity as a defense to Plaintiff's claims. *Id.* at 6. An Order was entered providing a deadline for the pro se Plaintiff to respond to Defendant's motion. ECF No. 18.

Thereafter, Defendant filed a motion to stay discovery pending a ruling on the summary judgment motion in light of the qualified immunity defense. ECF No. 19. The motion was granted, ECF No. 22, although Plaintiff was permitted to demonstrate a specific discovery request[1] that

---

[1] Discovery was nearing completion any way and was set to conclude on June 15, 2020. ECF No. 22 at 1 (citing ECF No. 15).

had already been served and which Plaintiff believed was necessary for him to respond to summary judgment. *Id.* at 4.

In response, Plaintiff filed a motion seeking to compel production, ECF No. 24, and requesting a 60-day extension of time in which to prepare his response to Defendant's pending summary judgment motion. Plaintiff advised that he had not been able to review Defendant's Exhibit C, the MAVRIC video which is highly relevant. ECF No. 24 at 3.

Defendant has now responded and confirmed that the video mailed to Plaintiff was returned. ECF No. 26 at 2. Defendant advises that Plaintiff's motion is not appropriately considered as a motion to compel because it was returned due to no fault of the Defendant. Rather, it appears to have been returned due to prison policies. *Id.* Defendant further contends that the video only hurts Plaintiff's case and would not help Plaintiff defeat summary judgment. *Id.*

Notwithstanding Defendant's argument, due process demands that Plaintiff be permitted to review the evidence Defendant relies upon in seeking summary judgment. It should be a simple matter for Defendant to re-mail what is presumed to be a DVD to Plaintiff to review. However,

watching the video must be coordinated with officials at Plaintiff's institution.

To aid in this process and ensure Plaintiff is able to review the video, a telephone conference shall be scheduled for 9:30 a.m. on Thursday, **June 11, 2020**.[2] Plaintiff must show this Order to his classification officer, or another prison official who has authority to facilitate Plaintiff's ability to review the video, and that officer shall be present at the time of the conference call. The Clerk of Court shall coordinate this conference and enter it on the Court's calendar. It is Plaintiff's responsibility to alert prison officials of the date and time of the telephonic conference.

In light of this Order, Plaintiff's motion, ECF No. 24, is granted in part. It is imperative that Plaintiff be provided the evidence, have an opportunity to view it, and respond to it in a meaningful way. A deadline for Plaintiff to respond to the summary judgment will be set during the conference call.

Plaintiff has also filed several additional motions, and an objection. ECF Nos. 27-29. These documents demonstrate that Plaintiff is well able to proceed to summary judgment and file his opposition. Notwithstanding,

---

[2] If this time is not convenient, Defendant's attorney should immediately contact my courtroom deputy to re-schedule the conference.

Case No. 4:19cv524-MW-MAF

because the video evidence is relevant to issues which must be resolved at summary judgment, Plaintiff is entitled to review it prior to responding.

Plaintiff's motion to serve additional interrogatories on the Defendant, ECF No. 27, is denied. Unless and until the issue of qualified immunity is resolved in Plaintiff's favor, Defendant will not be required to submit to additional discovery. The Supreme Court has made clear that "qualified immunity is 'an immunity from suit rather than a mere defense to liability'" and the defense "is effectively lost" if a case proceeds through discovery and goes to trial. Pearson v. Callahan, 555 U.S. 223, 231–32, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) and Anderson v. Creighton, 483 U.S. 635, 640, n.2, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). The Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Pearson, 555 U.S. at 232, 129 S. Ct. at 815 (quoting Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (per curiam). Because the qualified immunity defense is "effectively lost" if Defendant is required to complete discovery, Plaintiff's motion is denied without prejudice. Should Plaintiff demonstrate that the qualified immunity defense is not appropriate, he is

advised that discovery will be re-opened so that Plaintiff can marshal all evidence necessary to proceed to trial. However, Plaintiff has already been provided some discovery and "received 230 pages of documents" from the Defendant. ECF No. 29 at 1.

Finally, Plaintiff has filed a motion requesting leave to file an amended complaint. ECF No. 29. An Order was previously entered in this case which advised Plaintiff that his complaint could "only be amended by filing a motion requesting leave to amend and simultaneously submitting a copy of the proposed pleading." ECF No. 9 at 5 (citing to N.D. Fla. Loc. R. 15.1 and Fed. R. Civ. P. 15). Plaintiff's motion does not comply with Local Rule 15.1 as Plaintiff has not provided a copy of his proposed amended pleading. It is denied without prejudice as procedurally defective.

Furthermore, to the degree Plaintiff seeks to assert a claim for conspiracy against a John Doe Defendant, Plaintiff is advised that such a claim would be barred by "the intracorporate conspiracy doctrine [which] holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc) (quoted in Grider v. City of Auburn, 618 F.3d

1240, 1261 (11th Cir. 2010)).  Put simply, the doctrine provides that a "corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  McAndrew, 206 F.3d at 1036 (quoted in Grider, 618 F.3d at 1261).  The doctrine applies to public entities such as a city police department.  Grider v. City of Auburn, Ala., 618 F.3d 1240, 1261 (11th Cir. 2010) (holding that where "both defendants" were city police officers and "no outsiders" were involved in making a "false bribery charge," the intracorporate conspiracy doctrine barred plaintiff's claims); *see also* Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (holding that where the "only two conspirators identified" were city employees, the intracorporate conspiracy doctrine barred plaintiffs § 1985 conspiracy claims) (citing Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 768 (11th Cir. 2000)).  Plaintiff has not demonstrated a plausible claim to be brought against another defendant and, thus, his motion could also be denied on that basis.  At this time, it is not, however; it is denied without prejudice solely on the basis that it does not comply with Local Rule 15.1.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion, ECF No. 24, is **GRANTED in part**.

2. The Clerk of Court shall schedule a telephonic conference at 9:30 a.m., E.S.T., on **June 11, 2020**.

3. Defendant's counsel must immediately contact my courtroom deputy if the conference needs to be re-scheduled.

4. Plaintiff shall provide this Order to his classification or other prison official who can facilitate Plaintiff's receipt of the video from opposing counsel and permit Plaintiff to review Defendant's Exhibit C.

5. Plaintiff's motion for leave to serve additional interrogatories, ECF No. 27, is **DENIED without prejudice**.

6. Plaintiff's motion for leave to file an amended complaint, ECF No. 29, is **DENIED without prejudice** for failing to comply with Local Rule 15.1.

7. Plaintiff's objection to the motion to stay discovery, ECF No. 28, is noted, but is overruled.

8. Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

Case No. 4:19cv524-MW-MAF

9.  The June 15, 2020, deadline previously given to Plaintiff to file his opposition to Defendant's motion for summary judgment, *see* ECF No. 22, is **VACATED**.  A new deadline will be set in the telephone conference.

**DONE AND ORDERED** on May 27, 2020.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**