PROVIDED TO TOMOKA CI
ON 5/22/20
FOR MAILING BY E.B.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC K. BROOKS,
    Plaintiff,

vs.
                                    Case No.: 4:19cv0524-MW/MAF

OFFICER DAMON MILLER,
    Defendant.
_____/

MOTION FOR REVIEW OF MAGISTRATE'S ORDER ECF No.:22

COMES NOW THE PLAINTIFF, Eric K. Brooks, pro se, pursuant to Rule 72(a) Fed. R. Civ. P. and moves this Court to allow the review of Magistrate-Judge's Order, ECF No. 22 by the District Judge. Plaintiff objects to the propositions numbered I-VI and enters these objections into the Record for appellate review, if need be.

PROCEDURAL HISTORY

1. Discovery in this action was opened on March 5, 2020. ECF No. 15.
2. Plaintiff filed his First Interrogatories for Damon Miller and First Request for Production of Documents on March 24, 2020.
3. Defendant's Answers to Interrogatories and First Production of Documents were served on Plaintiff on April 21, 2020.
4. Plaintiff sent 2 letters to Defendant's counsel noting various discovery issues which needed to be resolved between the parties. These issues included non-service of documents Bates #49-50, legally-insufficient responses to 4 interrogatories, rewording of 3 other interrogatories, 1 interrogatory which was both reworded and legally insufficient because non-responsive, a non-standard legally-insufficient oath subscribed at the conclusion of the Answers to Interrogatories, and failure to produce full responses to Defendant Miller's Use of Force records (Req. 9 – lacked the summary/narrative reports detailing Miller's actions) and the records or other documents of the other officers at the scene of Brooks' arrest. (See ECF No. 12, p.4 #4-5; p.5, #7-non-responsive to Request #11.)

5. Defendant failed to respond to any of Plaintiff's discovery inquiries and failed to produce any of the missing documents, even after Plaintiff filed his <u>Objections to First Production of Documents</u> and <u>Objections to Defendant's Answers to First Interrogatories</u> on April 27, 2020.

6. Concurrently, Plaintiff carefully examined the documents and <u>Answers</u> produced by Defendant and prepared <u>Plaintiff's First Request for Admissions</u>, <u>Plaintiff's Second Request for Production of Documents</u>, and <u>Plaintiff's Second Interrogatories to Defendant Damon Miller</u>, filed on April 27, 2020.

7. Defendant did not respond to the outstanding objections to the first round of discovery and ignored Plaintiff's timely-filed second round of discovery requests.

8. On May 1, 2020, Defendant filed his <u>Motion for Summary Judgment</u>, ECF No. 17. He asked the court to stop discovery and rule on it immediately, pleading immunity from suit.

9. On May 4, 2020, the Magistrate ordered discovery to continue to its scheduled completion and denied Defendant's request to stop discovery. <u>ECF No. 18</u>.

10. On May 7, 2020, Defendant filed a "<u>Motion to Stay Discovery Pending Disposition of Summary Judgment</u>," (henceforth, "<u>Motion to Stay</u>"). ECF No. 19.

11. On May 12, 2020, while Plaintiff was accepting service of Defendant's <u>Motion to Stay</u>, the Magistrate issued an <u>Order</u> granting the <u>Motion to Stay</u>, stopping discovery, and denying Plaintiff the subpoenas he had requested from the Clerk of the Court in order to obtain admissible evidence held by non-parties. ECF No. 22.

12. On May 18, Plaintiff filed his <u>Objection to Defendant's Motion to Stay Discovery Pending Disposition of Summary Judgment (Doc 19)</u> (henceforth, "<u>Objection</u>"), <u>Motion for Leave to Amend</u>, and <u>Motion for Leave to Submit Additional Interrogatories to Defendant Damon Miller</u>.

13. Plaintiff was then served the Court's <u>Order</u> shutting down discovery. ECF No. 22

## BRIEF IN SUPPORT OF DISTRICT JUDGE'S REVIEW

Rule 72(a) Fed.R.Civ.P. provides for timely objections to any order of a magistrate judge of a non-dispositive nature during pretrial proceedings. Plaintiff objects to the prejudicial effects of the <u>Order</u> (ECF No. 22) as well as the undue deference given to Defendant's Motion for Summary Judgement (ECF No. 17) and successive <u>Motion to Stay</u> (ECF No. 19). Plaintiff also objects to the denial of his request for subpoenas as a misapplication of Rule 45, Fed.R.Civ.P. His objections and arguments follow.

2

I. Plaintiff objects to Magistrate shutting down discovery without giving Plaintiff an opportunity to object to the Motion to Stay.

In his Motion to Stay, Defendant suggests that the court take a "preliminary peek" at his argument for qualified immunity. ECF No. 19, p.3. If his argument in the Motion to Stay is given a "preliminary peek," justice demands that Plaintiff's response also be given an equal peek before ruling on the premises. Given the court's previous ruling in ECF 18 eight days earlier, the reversal in ECF No. 22 makes this abandonment of Plaintiff's established right to conduct discovery troubling, absent an opportunity to rebut Defendant's assertions.

Further, the Magistrate accepted Defendant's assertions about the content, quantity and quality of Plaintiff's discovery requests without allowing Plaintiff to be heard. Defendant neglected to inform the court that those discovery requests were filed before Defendant's Motion for Summary Judgment; thus, Defendant's assertion on May 7, "... Miller advises that Plaintiff has **now** served [additional discovery]..." is misleading if not false. ECF No. 19, p.2. Yet the court adopted it without establishing the truth of it, incorporating it into the Order at p.2. Plaintiff also filed a First Request for Admissions which Defendant neglected to mention, but which is now discarded per the Order's effect.

II. Plaintiff objects to the Motion to Stay being granted on the ground that it has no basis in Fed. R. Civ. P. or Local Rules.

Defendant does not cite what part of Rule 26 entitles him to stay discovery to which Plaintiff is entitled by Fed. R. Civ. P. ECF No. 19, p.1. Defendant had ample opportunity to raise his concerns about the burden which this litigation imposes on him through a Motion to Dismiss. Instead, Defendant waited until Plaintiff's second round of discovery requests revealed an unnamed co-defendant to Defendant's violations of Plaintiff's constitutionally-protected rights, and concrete proof that Defendant falsified three state documents; he then chose to persuade this court to shut down discovery instead of answering Plaintiff's lawful and relevant discovery requests. When the court denied his first attempt, he filed the successive Motion to Stay, asserting that qualified immunity shielded him

3

From discovery. However, that underlines his lack of due diligence:

"Because... [the qualified immunity] defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss." Dukes v. Miami-Dade County, 232 F. Appx. 907, 911 (11th Cir. 2007)(citing Gonzalez vs. Reno, 325 F. 3d 1228, 1233 (11th Cir. 2003).

Defendant should not be rewarded for his failure to exercise due diligence in asserting his claim to qualified immunity at the outset of this litigation, rather than waiting until discovery was underway.

III. Plaintiff objects to the Order as prejudicial to Plaintiff's ability to oppose summary judgment and prepare for trial.

Plaintiff offers the following arguments as to the prejudicial effects of the Order:

A. It rewards ~~Defendant~~ by allowing him to ignore outstanding discovery requests and Plaintiff's previously-filed objections, as described in the Procedural History, supra, even though all of the second-round discovery requests were filed four days before Defendant's Motion for Summary Judgment.

B. It relieves Defendant of any obligation to follow discovery rules for questions he found objectionable. If he believed any or all of Plaintiff's discovery requests were "irrelevant to the issues", or "not reasonably calculated to lead to admissible evidence," as he implies in ECF No. 19, p. 2, FN 1, he had ample relief available by sending specific objections to the Plaintiff. Instead, he avoided his responsibility under Local Rule 26.1(C) and persuaded the court to prematurely shut down discovery.

C. It penalizes Plaintiff by requiring him to justify his need for additional discovery to the court long after it was filed. See ECF No. 22, lines 10-17. As stated in III B. above, Defendant was relieved of his responsibility under Fed. R. Civ. P. to file timely objections (which should now be considered waived). Now the Order effectively creates a pre-screening process using this court as a filter for all previous timely-filed discovery requests. This imposes an onerous burden on Plaintiff and inverts the basic principle that discovery is to be between the parties, rather than resorting to the court, except in specific instances

4

which have been properly objected to first.

Again, had this court heard Plaintiff's timely objections to the <u>Motion to Stay</u>, it would have been readily apparent from the record and <u>Plaintiff's Second Declaration</u> that qualified immunity does not and cannot obtain in this matter as Plaintiff was "present during the events at issue and ... well aware of what transpired." <u>Ibid.</u>

D. <u>It prevents Plaintiff from developing additional admissible evidence from the information produced in the first round of discovery.</u>

Plaintiff has articulated in his <u>Motion for Leave to Amend</u> and <u>Motion for Leave to Submit Additional Interrogatories</u> his belief that he is entitled by rule to uncover additional admissible evidence and/or supportive facts from any new lines of inquiry or other persons that he became aware of after Defendant's initial production of documents. Defendant should not suggest how far or from whom Plaintiff may seek such evidence, yet by adopting Defendant's general descriptions of Plaintiff's additional discovery requests that is essentially what the court has done, without allowing Plaintiff to challenge Defendant's reasoning.

E. <u>It estops Plaintiff's well-pled Motion for Leave to Amend Complaint.</u>

An example of how close examination leads to new evidence is Defendant's <u>Probable Cause Affidavit</u>, produced in discovery and now entered as "Defendant's [Exhibit A]" in <u>Motion For Summary Judgment</u>. As detailed in the <u>Objection</u> (pp. 3-5, ECF unk.) and the <u>Motion for Leave to Amend</u>, the PCA yielded a codefendant, John Doe #1, who should be added to the <u>Complaint</u> (ECF No. 1) after verifying a falsified state document. Among the discovery requests quashed by the <u>Order</u> are the name, rank, and job duties of John Doe #1, despite the fact that falsifying the PCA is a felony in Florida. "The falsified probable cause affidavit subjects Defendant Miller to § 1983 liability." <u>Jones v. Cannon</u>, 174 F.3d 1271, 1284-85 (11th Cir. 1999).

F. <u>It estops Plaintiff's Motion for Leave to Submit Additional Interrogatories to Damon Miller.</u>

Plaintiff filed this <u>Motion</u> to repair his alleged excessive <u>Interrogatories</u>, even

5

though the numerous irregularities of the Answers to First Interrogatories likely render those Answers a legal nullity; given that Defendant's refusal to timely respond to Plaintiff's written objections waives Defendant's newfound concern with the number of interrogatories asked; and that Defendant has waived his right to object under Rule 33(b)(4) by failing to timely-object to the Second Interrogatories. Further, given the uncorrected and properly objected-to First Interrogatories (8 in total, out of 14 asked), Defendant is still obligated to answer 19 out of the 25 asked in the Second Interrogatories — had the court not shut down discovery.

In summary of Objection III, the Order rewards Defendant's intransigence and non-compliance with Fed. R. Civ. P. while imposing additional obstacles to Plaintiff's efforts to seek justice.

IV. The Magistrate failed to properly analyze the allegations of the Complaint (ECF No. 1) in the Order.

On p. 3, lines 13-18, the Magistrate states "Plaintiff's allegations in the complaint omitted the basis presented in Defendant's summary judgment motion for defendant's interaction with plaintiff — that defendant observed plaintiff driving a vehicle." Paragraphs 18, 19, and 21 in the Complaint should have raised red flags: Plaintiff stated he was not under arrest and did not commit any offense; Plaintiff was unlawfully stopped due to allegedly driving a vehicle without a license (emph. added); Officer Damion Miller plotted (sic) a reason to hold Plaintiff on scene.

Plaintiff's driving or not driving would be seen as a genuine issue of material fact had the Magistrate read Plaintiff's Objection and attached Second Declaration; taken as factual because Plaintiff is the non-moving party, they should defeat Defendant's pretextual allegation (cf. #21, supra) that he "observed Plaintiff driving a vehicle." There is evidence in the record to support Plaintiff's claims; however, the court again adopted Defendant's assertion as an undisputed fact and as the basis for it's Order, rather than affording Plaintiff's counterclaims the evidentiary weight accorded to the non-moving party in a summary judgment ruling, or even waiting to find if Plaintiff had any counterclaims.

V. The "opportunity" the Order affords to Plaintiff to file a response is a burden on Plaintiff's right to procedural due process.

On p. 4, lines 10-14, the Magistrate gives Plaintiff "an opportunity to file a response to demonstrate a specific discovery request that has already been made as of this date which Plaintiff contends he needs to receive before responding to summary judgment." Thus the Magistrate orders the plaintiff to explain with specificity why he has filed the 8 Requests for Production of Documents, 14 Admissions for Defendant Damon Miller, and 25 Interrogatories, and do so within 10 days of service of the Order, while asking nothing of the Defendant, not even the objections required by Fed. R. Civ. P. and Local Rule 26.1(C). Plaintiff avers that he is entitled to responses to the timely-filed discovery requests by Fed. R. Civ. P. and Local Rule 26.1(A)(2). As a good faith gesture, Plaintiff has proffered a true copy of his 8 Requests for Documents with an explanation of his purposes for requesting them. Plaintiff avers that the Admissions and Interrogatories are self-explanatory and require no further justification unless this Order is upheld and not modified. See Appendix 1.

VI. Plaintiff objects to the refusal to issue subpoenas to obtain admissible evidence from non-parties.

Rule 45(a)(3) states in part: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Rule 45(b)(1) states: "Any person who is at least 18 years old and not a party may serve a subpoena." Plaintiff asserts his right under these rules to obtain and arrange for service of 5 subpoenas to obtain documents from 3 non-parties calculated to obtain admissible evidence for use in opposition to summary judgment. As a good-faith gesture, Plaintiff proffers a list of non-parties and the evidence he hopes to obtain through subpoena. See Appendix 2. By denying Plaintiff the use of subpoenas, the Order forecloses avenues of admissible evidence which can only be obtained from non-parties. Plaintiff is aware that subpoenas come at a cost, but as these are all for production of documents rather than for attendance of persons, he believes he should be afforded the use of this tool to advance the cause of justice without incurring significant costs to either the court or the taxpayers of Florida.

7

## CONCLUSION

This Court's Order has tilted the playing field in favor of the Defendant by refusing to allow Plaintiff to object to Defendant's Motion to Stay Discovery before issuing its ruling; by denying subpoenas to Plaintiff to seek admissible evidence from non-parties; by adding a burdensome pre-screening process to Plaintiff's timely-filed discovery requests; by adopting Defendant's misrepresentations and/or facts in dispute as the basis for the Order — acts which separately and together frustrate and impede Plaintiff's ability to oppose summary judgment and prepare for trial.

WHEREFORE, all premises considered, Plaintiff moves this court for the following relief:

1. For the District Judge to review the Magistrate's Order de novo and consider Plaintiff's objections;
2. For this Court to adopt and review Plaintiff's Objection to Defendant's Motion to Stay Discovery to the extent required to consider its pleadings and premises;
3. For this Court to hear Plaintiff's Motion for Leave to Amend Complaint and Motion for Leave to Submit Additional Interrogatories to Defendant Damon Miller and rule thereon;
4. To strike, rescind, or modify the Order ECF No. 22 in such a way as may seem fitting;
5. And to issue any other order which this Court may deem necessary in the interest of justice.

May 21, 2020

Respectfully submitted,
*Eric K. Brooks*
Eric K. Brooks, plaintiff

enclosures: Appendices 1 and 2

## WORD COUNT MEMORANDUM

This Motion contains 2,684 words to comply with Local Rule 7.1(F).

*Eric K. Brooks*
Eric K. Brooks, plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of this Motion for Review of Magistrate's Order ECF No. 22 to Defendant through Counsel Hannah D. Monroe by furnishing a copy to prison mail officials for prepaid first class US Mail on this 22 day of May, 2020.

*Eric K. Brooks*
Eric K. Brooks, plaintiff
#582151 Tomoka CI
3950 Tiger Bay Road
Daytona Beach FL 32124-1098

8

# Tallahassee Police Department

Report: 11/12/2016 16:21
Case Number: 00-16-037025

Incident Report

## Incident

| Case Number: 00-16-037025 | Date Of Report: 11/12/2016 16:21 | Occured On From: 11/12/2016 15:16 | Occured To: 11/12/2016 15:16 | Report Type: Original - Arrest Affidavit |
|---|---|---|---|---|
| Incident Type: Criminal Offense | | Department Case Status: Closed - Cleared By Arrest | Case Status Date: | Cleared: |
| Business Name: 2516 Golf Terrace Tallahassee Florida | | | | |

Day of Ocurrence: Saturday
Dispatched: 11/12/2016 15:16
Received: 11/12/2016 15:16
Arrived: 11/12/2016 15:16
Reported Via 911 Yes No: No
Was Evidence Collected: Yes
Evidence Collected From: Person(s)
Photos Videos Taken: Yes - In Car Camera

Digital Cam and Vehicle Video Number: 100711
Photos Video Taken by: Ofc D Miller
Specific Location Type: Street/Road/Highway/Interstate
Hate Crime UCR: No
Confidentiality Req: No
Juvenile Involved: No
District Zone: Charlie-4A

## Offense 1 - Original Offense

| Florida Statute: 322.03(1) Operate Motor Vehicle WO Valid License | Local Ordinance: | Lighting Conditions: Daylight | Disposition Date: 11/12/2016 |
|---|---|---|---|

### Offense Information

Attempted/Commited: Committed
Premise Type: Residential
Number Of Premises: 01
Entry Type: Not Applicable
Suspect Characteristics: Drug Activity

Occupancy Code: Not Applicable
Offense Status: Cleared By Arrest - Adult
Exceptional Clearance: Arrested On Primary Offense
Number Of People Arrested: 01

### Roles

Person Name: Eric K Brooks
Type: Arrestee

Primary Role: Yes

## Offense 2 - Original Offense

| Florida Statute: 893.13(6A) Drugs/Narcotics-Possess Cocaine | Local Ordinance: | Lighting Conditions: Daylight | Disposition Date: 11/12/2016 |
|---|---|---|---|

| Reporting Officer: DAMON MILLER 375 97017 | Department: Tallahassee Police Department | Report Status: Approved |
|---|---|---|
| Supervising Officer: | | Date/Time: |
| Verifying Officer: W BUTLER 212 98291 | Department: Tallahassee Police Department | Date/Time: 11/12/2016 17:00 |

00-16-037025

Page 1 of 4

Response to Request for Production

COT-000226

# Tallahassee Police Department

Incident Report

Report: 11/12/2016 16:21
Case Number: 00-16-037025

## Offense Information

**Attempted/Commited:** Committed
**Premise Type:** Residential
**Number Of Premises:** 01
**Entry Type:** Not Applicable
**Suspect Characteristics:** Drug Activity

**Occupancy Code:** Not Applicable
**Offense Status:** Cleared By Arrest - Adult
**Exceptional Clearance:** Arrested On Primary Offense
**Number Of People Arrested:** 01

### Roles

**Person Name:** Eric K Brooks
**Type:** Arrestee

**Primary Role:** Yes

## Person 1 - Eric K Brooks

| Person Type: Arrestee | Home Phone: | Business Phone: | Mobile Phone Pager: |
|---|---|---|---|
| Race: Black | Sex: Male | DL ID Number: | DL Exp. Date: |
| SSN: | Birth Date: 08/02/1973 | Birth Place: | |
| Person Address: 3216 Jim Lee Rd Tallahassee Florida (Leon County) | | | |
| Employer Information: | | | |

### Person Information

**Age:** 43

**SPN JIS Number:** 51-98-9

## Business 1 - State of Florida

| Business Type: Victim | Business Phone: | Address: |
|---|---|---|

| Reporting Officer: DAMON MILLER 375 97017 | Department: Tallahassee Police Department | Report Status: Approved |
|---|---|---|
| Supervising Officer: | | Date/Time: |
| Verifying Officer: W BUTLER 212 98291 | Department: Tallahassee Police Department | Date/Time: 11/12/2016 17:00 |

00-16-037025

Page 2 of 4

**Response to Request for Production**

COT-000227

# Tallahassee Police Department

Incident Report

Report: 11/12/2016 16:21
Case Number: 00-16-037025

## Vehicle 1 - Florida Kia

| Model Free Form: | Vehicle Status | Vehicle Disposition: Left On Scene | VIN: KNDJN2A29G7368695 |
|---|---|---|---|
| Tag Number: 827QHG | Tag Expiration Date: 11/18/2017 | Vehicle Type: Auto | Category: Searched |
| Business Name: | | Recovery Location Buss Name: | |

### Vehicle Information

**Primary Top Color:** BLACK
**Vehicle Style:** Hatchback 2 door
**Insured:** No

**Keys In Vehicle:** Yes
**Vehicle Locked:** Unknown
**Release Authority:** Reporting Officer

## Property 1 - Drugs/Drug Paraphernalia

| Description: Cocaine | Year | Make: | Model: |
|---|---|---|---|
| Category: * Evidence - HOLD | Condition | Serial Number: | Color: WHITE |
| Stolen Location: | | Recovery Location: | |

### Property Information

**UCR Type:** Evidence - Hold

**Insured:** Evidence/Seized

### Document/Drugs

**Drug Activity:** Other - Explain In Narrative
**Drug Type:** Cocaine

**Drug Quantity:** 1.000 Gram (s)

## Narrative 1 - Basic - Original Report

```
PROBABLE CAUSE TEMPLATE - ORIGINAL REPORT
==================================================

TIME OF ARREST (ARRESTEE IN PHYSICAL CUSTODY):
1518

DEFENDANT NAME: Eric Brooks

DOB: 8/2/73
```

| Reporting Officer: DAMON MILLER 375 97017 | Department: Tallahassee Police Department | Report Status: Approved |
|---|---|---|
| Supervising Officer: | | Date/Time: |
| Verifying Officer: W BUTLER 212 98291 | Department: Tallahassee Police Department | Date/Time: 11/12/2016 17:00 |

00-16-037025

Page 3 of 4

**Response to Request for Production**

COT-000228

## Tallahassee Police Department
### Incident Report

Report: 11/12/2016 16:21
Case Number: 00-16-037025

FACTS TO SUPPORT ABOVE CHARGE(S):

While on uniformed patrol I observed Brooks driving a black KIA bearing FL tag, 827QHG and park in front of 2516 Golf Terrance. Brooks exited the vehicle and began walking towards other pedestrians that were gathered in the area.

I also drove to the area and exited my vehicle, and had a consensual contact with Brooks. When asked for his FL DL, Brooks stated that he did not have a valid license. Based upon this omission and observing him drive to the area, I placed Brooks under arrest for No Valid DL. While searching his left front jacket pocket, I found a rectangular piece of crack cocaine. Brooks immediately stated that he was unaware that it was in his pocket.

Post Miranda, that I read from a preprinted issued card, Brooks waived his rights and agreed to speak. Brooks admitted that he received the cocaine from an unknown black male wearing a camo jacket that was previously in the area, and had never been issued a FL DL, which was confirmed via DAVID.
Brooks was additionally charged with Possession of Cocaine and transported to LCJ without incident.
Ofc Wirght tested the suspected crack cocaine which tested presumptive positive. This affiant impounded the cocaine at TPD headquarters.
This interaction was captured vis MAVRIC #100711.

PLACE AN "X" IN FRONT OF ALL THAT APPLY:

Supplemental Reports Submitted
Victim Statement Submitted
Witness Statement(s) Submitted
Suspect/Arrestee Statement Impounded
X Property Impounded
Vehicle Towed

| Reporting Officer: | Department: | Report Status: |
| --- | --- | --- |
| DAMON MILLER 375 97017 | Tallahassee Police Department | Approved |
| Supervising Officer: | | Date/Time: |
| Verifying Officer: | Department: | Date/Time: |
| W BUTLER 212 98291 | Tallahassee Police Department | 11/12/2016 17:00 |

00-16-037025

Page 4 of 4

**Response to Request for Production**                                COT-000229

16-37025

| 16-37025 | | | | | |
|---|---|---|---|---|---|
| FLORIDA UNIFORM TRAFFIC CITATION | | A3QI81E | | | |
| County Of **LEON** | | ☐(1) F.H.P.  ☒(2) P.D.  ☐(3) S.O.  ☐(4) Other | | | |
| | | Agency Name **TALLAHASSEE POLICE DEPT** | | | |
| City (If Applicable) **TALLAHASSEE** | | Agency # **2** | | | |

In the court designated below the undersigned certifies that he/she has just and reasonable grounds to believe and does believe that on:

**SUMMONS (DEFENDANT COPY)**

| Day of Week | Month/Day/Year | Time |
|---|---|---|
| SATURDAY | 11/12/2016 | 03:50 PM |

| Name First | Middle | Last |
|---|---|---|
| ERIC | C | BROOKS |

Street: **3216 JIM LEE RD APT 1**  IF DIFFERENT THAN ONE ON DRIVER LICENSE "X" HERE »

| City | State | Zip |
|---|---|---|
| TALLAHASSEE | FL | 32305 |

| Telephone | DOB 08/02/1973 | Race B | Sex M | Hgt 504 |
|---|---|---|---|---|

| Driver License Number | State FL | Class E | CDL License ☐Yes ☒No | Yr. License Exp. 2018 | Comm. Mtr. Veh. ☐Yes ☒No |
|---|---|---|---|---|---|

| Yr. Veh 2016 | Make KIA | Style UT | | Color BLK |
|---|---|---|---|---|

| Veh. License # 827QHG | Trailer Tag # | State FL | Year Tag Expires 2017 |
|---|---|---|---|

| Placarded Hazardous Material ☐Yes ☒No | >=16 Pass. ☐Yes ☒No | Motorcycle ☐Yes ☒No | Companion Citation Nos ☐Yes ☒No |
|---|---|---|---|

Upon a Public Street or Highway or Other Location Namely
**2516 GOLF TERRANCE**

Ft. ___ Miles ___  ☐N ☒S ☐E ☐W  Of Node ___

DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE, CHECK ONLY ONE OFFENSE EACH CITATION.

☐ UNLAWFUL SPEED ___ MPH SPEED APPLICABLE ___ MPH
( ☐ INTERSTATE ☐ SCHOOL ZONE ☐ CONSTRUCTION WORKERS PRESENT )
SPEED MEASUREMENT DEVICE ___

☐ CARELESS DRIVING
☐ VIOLATION OF TRAFFIC CONTROL DEVICE
☐ FAILURE TO STOP AT A TRAFFIC SIGNAL
☐ IMPROPER CHANGE OF LANE OR COURSE
☐ NO PROOF OF INSURANCE
☐ VIOLATION OF RIGHT-OF-WAY

☐ CHILD RESTRAINT
☐ SAFETY BELT VIOLATION
☐ IMPROPER OR UNSAFE EQUIPMENT
☐ EXPIRED TAG SIX (6) MONTHS OR LESS
☐ EXPIRED TAG MORE THAN SIX (6) MONTHS
☐ IMPROPER PASSING

☐ EXPIRED DRIVER LICENSE SIX (6) MONTHS OR LESS
☐ EXPIRED DRIVER LICENSE MORE THAN SIX (6) MONTHS
☒ NO VALID DRIVER LICENSE
☐ DRIVING WHILE LICENSE SUSPENDED OR REVOKED
☐ DRIVING UNDER THE INFLUENCE
☐ PASSENGER UNDER 18 YRS.

BAL ___

**DL NO DL-NEVER HAD ONE ISSUED**

Re-Exam ☐Yes ☒No
DL Seized ☐Yes ☒No

| ☐ Aggressive Driving | In Violation Of State Statute | Section 322.03(1) | Sub-Section |
|---|---|---|---|

| Crash ☐Yes ☒No | Property Damage ☒No ☐Yes $___ | Injury to Another ☐Yes ☒No | Serious Bodily Injury to Another ☐Yes ☒No | Fatal ☐Yes ☒No |
|---|---|---|---|---|

☒ CRIMINAL VIOLATION  COURT APPEARANCE REQUIRED AS INDICATED BELOW
☐ INFRACTION COURT APPEARANCE REQUIRED AS INDICATED BELOW
☐ INFRACTION WHICH DOES NOT REQUIRE APPEARANCE IN COURT

A3QI81E

Civil Penalty is $ **0.00**
Court Information

DATE ___   TIME **1:30 PM**

COURT ___

LOCATION ___

Arrest Delivered To **LCJ** ___ Date **11/12/2016**

I AGREE AND PROMISE TO COMPLY AND ANSWER TO THE CHARGES AND INSTRUCTIONS SPECIFIED IN THIS CITATION. WILLFUL REFUSAL TO ACCEPT AND SIGN THE CITATION MAY RESULT IN ARREST. I UNDERSTAND MY SIGNATURE IS NOT AN ADMISSION OF GUILT OR WAIVER OF RIGHTS. IF YOU NEED REASONABLE FACILITY ACCOMMODATIONS TO COMPLY WITH THIS CITATION, CONTACT THE CLERK OF THE COURT.

X SIGNATURE OF VIOLATOR (SIGNATURE REQUIRED IF INFRACTION REQUIRES APPEARANCE IN COURT)

| D. MILLER, JR. | 375 | 375 | PATROL |
|---|---|---|---|
| Rank - Name of Officer | Badge No. | ID No. | Troop/Unit |

☒ I CERTIFY THIS CITATION WAS DELIVERED TO THE PERSON CITED ABOVE

Response to Request for Production

COT-000055

# Tallahassee Police Department
## Property & Evidence Receipt

**1. Case Number:** 37025 / 00-16-03785

**2. Type of Crime or Incident:** 70/31

**3. Date, Day, and Time Impounded:** 11/12/16 Sat

**4. WinACE Number:**

**5. Address where items were taken:** 2516 Golf Terrance

**6. Person Type Codes:** V = Victim  O = Owner  R = Reporting Person  P = Discovering Person  S = Suspect  A = Arrested Person

| Code | 7. Name | 8. Race | 9. Sex | 10. D.O.B. | 11. Address | 12. Home Phone | 13. Work Phone |
|---|---|---|---|---|---|---|---|
| A | Brooks, Eric | B | M | 8/2/73 | 3216 Sina Lee Rd Atl, Ga | | |

| 14. Item Number | 15. Quantity | 16. Narrative/Description | 17. P&E Location |
|---|---|---|---|
| 1 | 1g | Cocaine | |

**18. NCIC Check:** ☐ Yes ☒ No
**19. Hold Requested:** ☐ Yes ☐ No — Evidence
**20. Processing Required:** ☐ Yes ☒ No
**21. Owner Notified by/Date:**

**24. Signature of Seizing Officer and ID Number:** #375

PD139 (Revised May 2016)    ORIGINAL - RECORDS MANAGEMENT

Response to Request for Production                                    COT-000230

Eric K. Brooks 582151
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach, Florida
32124

PROVIDED TO TOMOKA CI
ON 5/22/20
FOR MAILING BY E.B.

**LEGAL MAIL**

CHECKED MAY 7 5 2020

MAILED FROM A STATE
CORRECTIONAL
INSTITUTION

U.S. POSTAGE >> PITNEY BOWES
ZIP 32124
02 4W
0000360581 MAY 26 2020
$ 000.95⁰

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
TALLAHASSEE, FLORIDA 32301-7730

**LEGAL MAIL**