UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA
CI ON 5/28/20
FOR MAILING BY E.B.

ERIC K. BROOKS,
    Plaintiff,

vs.

OFFICER DAMON MILLER,
    Defendant.

Case No.: 4:19cv0524-MW/MAF

## RESPONSE TO ORDER (ECF No. 22)

COMES NOW THE PLAINTIFF, Eric K. Brooks, pro se, and enters his Response to Magistrate-Judge Martin A. Fitzgerald's Order (ECF No. 22, p.4, lines 10-18). The Magistrate has required Plaintiff to justify each outstanding discovery request with an explanation why Plaintiff needs that discovery.

Plaintiff hereby renews his objections to this process as stated in his Objection to Defendant's Motion to Stay Discovery and Motion for Review of Magistrate's Order (No. 22), and generally objects to the burden this Response places on Plaintiff, these objections to be preserved in the record for appellate use.

Plaintiff has proffered his specific needs and reasons therefore regarding Plaintiff's Second Request for Production of Documents as Appendix 1 of Plaintiff's Motion for Review of Magistrate's Order (No. 22); Plaintiff filed that Motion with this Court on May 22, 2020. He hereby incorporates the contents of Appendix 1 of that Motion by reference.

Plaintiff has attached copies of all outstanding discovery requests as Appendix A of this Response, including Plaintiff's Second Request for Production of Documents, Plaintiff's Second Interrogatories for Defendant Damon Miller, Plaintiff's First Request for Admissions.

Plaintiff has attached all outstanding discovery objections as Appendix B, including Objections to Defendant's First Production of Documents and Plaintiff's Objections to Defendant's Answers to Interrogatories. Plaintiff provides these documents to demonstrate that they were timely-filed, to provide this Court with the necessary proofs to evaluate the Second Interrogatories below, and to seek this Court's guidance and leave to file Motions to Compel regarding the outstanding discovery issues, properly objected to, which Defendant has failed to acknowledge, amend, correct, or comply with. It is unclear whether the Order staying discovery forbids Motions to Compel.

Plaintiff notes that Defendant has waived his right to object to any and all the above-listed discovery requests; the second round were all filed on April 27, 2020, 31 days ago.

Finally, Plaintiff objects to the expedited deadline of June 15, 2020, which appears to be conditioned on this Response (ECF No. 22 p.5, lines 1-2) but is absolute (Ibid, p.6). That deadline prevents adequate time for outstanding discovery requests to be compelled, as it is abundantly clear from the record that Defendant has no intention of complying with Fed.R.Civ.P. — yet another apparent reward for Defendant's intransigence.

I. Plaintiff's Second Interrogatories for Defendant Damon Miller

Defendant has previously objected—although not in a lawful manner per Fed. R. Civ. P.—to the number of interrogatories asked. (See ECF No. 19, FN1) Plaintiff submitted 14 interrogatories; the responses to 8 of them were legally insufficient because they were non-responsive, reworded from the original form, or both. Further, Plaintiff has objected to the non-standard Oath subscribed to Defendant's Answers, and asked that they be properly sworn.

Defendant has refused to respond to all attempts to resolve these issues and ignored Plaintiff's properly filed objections. Further, Plaintiff has moved this Court for leave to submit additional interrogatories, in excess of 25, without receiving a ruling to date.

Plaintiff avers that the original Answers, being improperly sworn, are a legal nullity and should not be counted against the total; or in the alternative, that only six of the original Answers being legally sufficient, Plaintiff is entitled by rule to 19 more responses, by Plaintiff's suggestion numbers 2, and 4 through 12, including subparts, from Plaintiff's Second Interrogatories; or in the event that the court has allowed the submission of additional interrogatories, that Defendant respond to all.

The following are the specific questions Plaintiff seeks answers to and why he needs them for opposition to summary judgment and/or trial:

1. Plaintiff seeks to establish that Defendant's previous statements are inconsistent with the record, mutually contradictory, and physically impossible, given the layout and lines of sight in the area of 2516 Golf Terrace; truthful responses will support Plaintiff's contention that Defendant Miller could not and did not see Plaintiff driving a black KIA.

2. Plaintiff seeks to establish Defendant's pretextual story devised to give him probable cause to arrest Plaintiff; Defendant has evaded this question in previous interrogatory.

3. Plaintiff seeks to establish Defendant's purported reasoning to select him for the alleged "consensual encounter."

4. Plaintiff seeks to establish numerous facts which contradict Defendant's pretextual story derived from his Probable Cause Affidavit, these facts found in Defendant's TPD Incident Report and which same is entered in the record as Plaintiff's Exhibit A.

5. Plaintiff seeks to establish Defendant's reasons for omitting a relevant fact from all three state documents generated by Defendant in connection with Plaintiff's arrest; this omission supports Plaintiff's allegation of a pretextual story to cover his lack of probable cause.

6. Plaintiff seeks to establish Defendant's willful and knowing falsification of the Florida Uniform Traffic Citation as part of Defendant's pretextual story used to allege he had probable cause to stop and arrest Plaintiff; the FUTC is entered as Plaintiff's Exhibit B.

7. Plaintiff seeks to establish discoverable evidence of the legal identity of the TPD officer who allegedly tested the substance Defendant allegedly seized from Plaintiff; Plaintiff seeks to determine the existence of this test and why it was not produced by Defendant during discovery.

2

8. Plaintiff seeks to determine Officer's "Wirght's" presence at the scene of the arrest in order to verify or impeach Defendant's version of events presented as factual in Summary Judgment; Plaintiff seeks to locate dash-cam video or other documents from "Wirght" once his identity and presence are independently corroborated.

9. Defendant has alluded to these officers in his Answer to the Complaint but has failed to produce any evidence their presence should have generated; Plaintiff seeks to establish the existence of this evidence including dash-cam videos and reports, even though Defendant has refused to produce them in discovery when requested.

10. Plaintiff seeks additional proof of falsified entries in the three named documents derived from the implausible timelines therein as evidence of the pretextual nature of Defendant's Probable Cause Affidavit [Defendant's Exhibit A] which is the basis of Defendant's Motion for Summary Judgment.

11. Plaintiff seeks the lawful identity of John Doe #1, whom Plaintiff has asked leave of the court to amend his complaint for his role in the deprivation of Plaintiff's constitutionally and statutorily protected rights.

12. Plaintiff seeks to establish John Doe #1's lawful job duties in support of his amended complaint as well as his role in abetting Defendant's pretextual Probable Cause Affidavit.

## II. Plaintiff's First Request for Admissions

Plaintiff avers that the Defendant has failed to raise timely objections to Admissions; has failed to advise this court that the Admissions were timely-filed 4 days before Motion for Summary Judgment; and that this court failed to mention the Admissions in its Order. Therefore, Plaintiff asserts that as a matter of law he is entitled to lawful responses thereto.

Nonetheless, Plaintiff strives to meet the burden this court has imposed on his lawful discovery requests:

1-3: Plaintiff seeks to establish the physical geography of the arrest site.

5-13: Plaintiff seeks to establish the facts surrounding the FUTC, entered as Plaintiff's Exhibit B, particularly the contradictions and false data Defendant knowingly entered in service to his pretextual Probable Cause Affidavit.

14. Plaintiff seeks to establish the basis for damages by introducing the penalty he suffered from Defendant's tortious acts.

## III. Plaintiff's Second Request for Production of Documents

As stated above, Plaintiff has furnished this information as Appendix 1; he hereby incorporates it by reference.

## Conclusion

WHEREFORE, Plaintiff moves this court to allow his timely-filed and reasonable discovery requests to be responded to forthwith; that this court provide clarification and guidance as to whether Plaintiff may file Motions to Compel for both the long-overdue First-Round discovery requests and/or the outstanding second-round discovery requests, and that this court preserve Plaintiff's objections for appeal.

Plaintiff states that in no wise are these requests entered for harrassment, delay or other unlawful purpose and that they are reasonably calculated to lead to admissible evidence to oppose summary judgment and to prevail at trial.

Respectfully submitted,

*Eric K. Brooks*
Eric Brooks, plaintiff

## Certificate of Word Count Compliance

I certify that the Response contains 1,355 words, in compliance with N.D. Local Rule 7.1.

*Eric K. Brooks*
Eric Brooks, plaintiff

## Certificate of Service

I HEREBY CERTIFY that I have furnished a copy of this Response to Order (No. 22) to Defendant's counsel Hannah O. Monroe, Attorney, 300 S. Adams St., Box A-5, Tallahassee, Florida, 32301, by providing it to prison mail officials for prepaid first-class US mail on this 28th day of May, 2020.

*Eric K. Brooks*
Eric K. Brooks, plaintiff
#582151 Tomoka CI
3950 Tiger Bay Road
Daytona Beach, FL 32124-1098

# APPENDIX A

* Plaintiff's Second Request for Production of Documents
* Plaintiff's Second Interrogatories for Defendant Damon Miller
* Plaintiff's First Request for Admissions

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA
CI ON 4-27-20
FOR MAILING BY C☆E.B.

ERIC K. BROOKS,
    Plaintiff,

vs.

CASE NO.: 4:19cv524-MW/MAF

OFFICER DAMON MILLER,
    Defendant.
_____/

PLAINTIFF'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. Rule 34, Plaintiff Eric K. Brooks serves his Second Request For Production of Documents on Defendant Damon Miller.

1. Florida Statutes §901 Arrests; (version in effect on November 12, 2016.)

2. Tallahassee Police Department "General Order 59 (Transporting and Booking Procedures)" - version in effect on November 12, 2016;

3. Tallahassee Police Department: "CIB-12, Follow-up Investigations," in effect on November 12, 2016.

4. Full name, badge #, employee files (specifically, hire and discharge dates if applicable), last rank attained of "Officer Wirght" (sic), referred to on Bates #52, 229.

5. Dashcam video and audio of "Officer Wirght" at scene of Mr. Brooks' arrest, November 12, 2016.

6. Dashcam video of MAVRIC #100711, if not previously included in Defendant's First Production of Documents, Request No. 6.

1

7. Any and all reports, field notes, incident reports, field-test results and other paperwork generated by "Officer Wirght" (Wright) at scene of Mr. Brooks' arrest.

8. Audio recordings of Tallahassee Police Department dispatcher and all radio transmissions including side channels, 3:00 p.m to 4:30 pm, November 12, 2016.

Served by Eric K. Brooks, plaintiff          date April 27, 2020

/s/ Eric K. Brooks

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of this Plaintiff's Second Request For Production of Documents to Defendant's Counsel Hannah D. Monroe, 300 S. Adams St., Box A-5, Tallahassee, Florida, 32301, by furnishing it to prison mail officials for prepaid first-class US mail this 27th day of April, 2020.

Eric K. Brooks, plaintiff
#582151 TCI
3950 Tiger Bay Road
Daytona Beach, FL 32124

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA CI ON 4-27-20 FOR MAILING BY O+E.B.

ERIC K. BROOKS,
    Plaintiff,

vs.                                                     CASE NO.: 4:19cv524-MW/MAF

OFFICER DAMON MILLER,
    Defendant.
_____/

### PLAINTIFF'S SECOND INTERROGATORIES FOR DEFENDANT DAMON MILLER

Pursuant to Fed. R. Civ. P. Rule 33, Plaintiff serves the following supplemental interrogatories developed from Defendant's document production and answers to interrogatories. All references to numbered interrogatories refer to <u>Defendant's Answers To Interrogatories</u> unless otherwise specified.

1. With respect to your response to Interrogatory No. 3:
    A1. When you stated that you "observed Brooks driving a Black KIA," where specifically were you and your vehicle located?
    A2. Were you parked at the time of this observation?
    B1. You then stated you "observed Mr. Brooks park in front of 2516 Golf Terrace." At the time of this observation, where were you and your vehicle located?
    B2. Were you parked at the time of the observation described in B1. above?
    C1. You then stated you "observed Mr. Brooks exit the vehicle and begin walking towards pedestrians gathered in the area." At the time of that observation, where were you and your vehicle located?
    C2. Were you parked at the time of the observation described in C1. above?
    D. After which one of the observations described in sub-questions A1 through C2 did you begin driving to the area so you could exit your vehicle?

2. With respect to Interrogatory No. 4: Given that you have already sworn that you observed Mr. Brooks driving the black KIA, why then did you ask the question who was driving the vehicle?

3. With respect to your response to Interrogatory No. 8, explain what caused you to select the alleged driver of the black KIA for your purported "consensual encounter" and how that encounter fit into the "proactive policing" you mentioned in your response.

4. With respect to the Tallahassee Police Department Incident Report, Bates #226-229, which you wrote:

   A. Explain why you were dispatched to 2516 Golf Terrace on November 12, 2016.

   B. Explain why you characterized the 'Premise Type' as residential, under 'Offense One', when the charged offense of operating a motor vehicle without a valid license must be committed on a public street.

   C. Explain why you entered "Drug Activity" in the blank for 'Suspect Characteristics' rather than physical identifiers when the listed offense was a traffic violation.

   D. Explain why you did not impound the black KIA for a more thorough search and possible confiscation if you believed that it was used or involved in "Drug Activity."

   E. Where was the registered owner of the KIA at the time you searched the vehicle?

   F. If the owner of the black KIA was not present at 2516 Golf Terrace, who gave you permission to search the vehicle?

   G. Who did you release the black KIA to after you searched it?

5. Explain why you failed to include the registered owner's name of the owner of the black KIA in the Florida Uniform Traffic Citation, Arrest/Probable Cause Affidavit, Tallahassee Police Department Incident Report, any narrative and summary therein, and your sworn responses to all inquiries?

2

6A. Did you enter true facts in each and every applicable box on the Florida Uniform Traffic Citation, Bates #55?

B. If you did not enter true facts into each and every applicable box on the Florida Uniform Traffic Citation, explain why you did not do so.

7. State the full name, badge #, employing agency and current employment status of "Ofc. Wirght" (sic), whom you stated tested the cocaine you allegedly took from Mr. Brooks.

8. How and at what time did "Ofc. Wirght" (sic) become involved with your arrest of Mr. Brooks?

9. Identify by name, badge #, rank, agency and squad car number any and all other officers present at the scene of Mr. Brooks' arrest on November 12, 2016.

10. Where, when, and at what times did you generate the Probable Cause Affidavit, Tallahassee Police Department Incident Report and Florida Uniform Traffic Citation concerning your arrest of Plaintiff Eric K. Brooks on November 12, 2016?

11. State the full name, badge #, rank, and employing agency and current employer of the Certifying Officer whose initials and badge # 609 appear on the Arrest/Probable Cause Affidavit, Bates #53.

12. Provide the full duties and all legal obligations of the "Certifying Officer" with respect to the Arrest/Probable Cause Affidavit described in Interrogatory No. 11, above.

Provided by Eric K. Brooks, plaintiff          date: April 27, 2020

/s/ Eric K. Brooks

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I provided a copy of Plaintiff's Second Interrogatories to Defendant to Defendant's Counsel Hannah D. Monroe, 300 S. Adams St, Box A-5, Tallahassee, FL 32301, by furnishing it to prison mail officials for prepaid first class US mail this 27th day of April 2020. /s/ Eric K. Brooks
Eric K. Brooks, plaintiff, 582151 TCI/3950 Tiger Bay Rd. Daytona Beach, FL 32124.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA
CI ON 4-27-20
FOR MAILING BY *EKB*

ERIC K. BROOKS,
    Plaintiff,

vs.                    CASE No.: 4:19cv524-MW/MAF

OFFICER DAMON MILLER,
    Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Fed.R.Civ.P. Rule 36, Eric K. Brooks, Plaintiff, requests Defendant Damon Miller to admit the following:

1. Admit that Golf Terrace is a one block long dead end side street off Putnam St.

2. Admit that on November 12, 2016, Golf Terrace had approximately eight houses on the right-hand side, (facing into Golf Terrace from Putnam St.) with 2516 Golf Terrace being the last house on the right.

3. Admit that you falsely stated twice on the Probable Cause Affidavit, Bates #51-54, that you arrested Mr. Brooks at 2509 Golf Terrace.

4. Admit that you wrote and certified the Probable Cause Affidavit at 4:21 p.m. on November 12, 2016, approximately 63 minutes after arresting Mr. Brooks.

Admissions 5-13 are based on the Florida Uniform Traffic Citation, Bates #55, (henceforth, "FUTC") which is numbered 16-37025 and/or A3QI81E;

5. Admit that you wrote a FUTC on November 12, 2016, at 3:50 pm, approximately 32 minutes after arresting Mr. Brooks

1

6. Admit that a FUTC must be written for criminal traffic violations.

7. Admit that you wrote the FUTC to someone other than Eric K. Brooks.

8. Admit that you included Eric K. Brooks' home address and date of birth on the FUTC.

9. Admit that you incorporated the partial personal and/or Driver's License information of an Eric C. Brooks, also a resident of Tallahassee, into the FUTC.

10. Admit that you falsely certified that you delivered the FUTC to Plaintiff Eric K. Brooks.

11. Admit that driving without a valid license requires a court appearance because it is a criminal violation.

12. Admit that you falsely swore that Plaintiff Eric K. Brooks had Florida Driver's License # B620211732820 on the Arrest/Probable Cause Affidavit, Bates # 51-54.

13. Admit that you used the FUTC as a pretext to conceal your false arrest of Plaintiff Eric K. Brooks on November 12, 2016.

14. Admit that Plaintiff Eric K. Brooks was held in the Leon County Jail on the charges stemming from the arrest in Admission 13 for 349 days.

Prepared by Eric K. Brooks, Plaintiff        April 27, 2020

/s/ Eric K. Brooks

### CERTIFICATE OF SERVICE

I HEREBY CERTIFICATE that I have provided a copy of <u>Plaintiff's First Request For Admissions</u> to Defendant's Counsel Hannah D. Monroe, 300 S. Adams St. Box A-5, Tallahassee, Florida, 32301, by providing it to prison mail officials for prepaid first class US mail on this 27th day of April, 2020.

/s/ Eric K. Brooks

Eric K. Brooks, plaintiff/# 582151 TCI / 3950 Tiger Bay Road / Daytona Beach, FL 32124

# Appendix B

* Plaintiff's Objections to Defendant's Answers to Interrogatories
* Objections to Defendant's First Production of Documents

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA
CI ON 4-27-20
FOR MAILING BY E.B.

ERIC K. BROOKS,
    Plaintiff,

vs.    CASE NO.: 4:19cv524-MW/MAF

OFFICER DAMON MILLER,
    Defendant,
_____/

PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S ANSWERS TO INTERROGATORIES

Plaintiff Eric K. Brooks hereby enters his objections to Defendant's Answers To Interrogatories.

1. Interrogatory No. 1: Objection; non-responsive to the question asked.

2. Interrogatory No. 2: Objection; non-responsive to the question asked. Mr. Miller failed to say where he first saw plaintiff before he allegedly "followed Mr. Brooks to 2516 Golf Terrace." Further, Mr. Brooks objects to Miller's continuing insistence that he admitted to driving without a valid license.

3. Interrogatory No. 4: Objection; non-responsive. Defendant was asked why he asked who was driving the black KIA, not when he asked it.

4. Interrogatory No. 6: Objection, Defendant inserted words "if you were" into original interrogatory.

5. Interrogatory 7: Objection; non-responsive to question. Defendant was asked why he waited before making contact with Brooks.

1

6. Interrogatory No. 9: Objection. Defendant changed "any" to "and", altering the meaning of the interrogatory. Also, non-responsive to the question asked; Defendant failed to explain why he asked Brooks for his license.

7. Interrogatory No. 10: Objection. Defendant changed "Brooks, when" to "Brooks? When," altering the meaning of the interrogatory. The alleged consensual nature of the encounter is a material fact in dispute.

8. Objection; the oath used by Defendant is legally insufficient. Resubmit <u>Defendant's Answers To Interrogatories</u> using the standard oath below:

Under penalty of perjury I swear that the foregoing answers are true and correct.

_____          County of _____ date _____
Damon Miller, Defendant             State of _____

Before me, the undersigned authority, personally appeared Officer Damon Miller, who being first duly sworn, says that he has read the above and foregoing answers to interrogatories and the same are true and complete. Sworn to and subscribed before me this ___ day of ___, 2020. _____
                                                      Notary Signature

Print, type or stamp name of notary:          Type of identification:
                                               personally known _____
                                               produced identification _____

Prepared by Eric K. Brooks, Plaintiff          April 27, 2020

_Eric K. Brooks_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of Plaintiff's First Request for Admissions to Defendant's counsel Hannah D. Monroe, 300 S. Adams St., Box A-5, Tallahassee, FL, 32301, by providing it to prison mail officials for prepaid first-class US mail on this 27th day of April, 2020. _Eric K. Brooks_

2   Eric K. Brooks, plaintiff
    582151 TCI / 5950 Tiger Bay Rd. / Daytona Beach FL 32124

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA CI ON 4-27-20
FOR MAILING BY CEB

ERIC K. BROOKS,
    Plaintiff,

vs.                            Case No.:4:19cv524-MW/MAF

OFFICER DAMON MILLER,
    Defendant.
_____/

## OBJECTIONS TO DEFENDANT'S FIRST PRODUCTION OF DOCUMENTS

Plaintiff Eric K. Brooks hereby enters his Objections To Defendant's First Production of Documents, received on April 21, 2020:

### 6. The audio recording of the arrest MAVRIC# 10071.1.

Objection: To date, Bates #49-50 have not been received or reviewed by Plaintiff. Defendant's Counsel was notified by letter of the illegal seizure of these items by FDOC employee Cassandra Adams on April 21, 2020, and Adams' notification of Plaintiff that she illegally disposed of these documents. Plaintiff asks Defendant's Counsel to remail the items in dispute or in the alternative to make duplicates and furnish them to Plaintiff if Counsel has not received them via return mail by April 30, 2020.

Additionally, Plaintiff asks Defendant's Counsel to agree to a stipulated 60-day enlargement of discovery solely concerning the legality of Plaintiff's ability to store these recordings and any future digital documents until he can make arrangements through TCI administration to review them; the delay being caused by the time requirements of the inmate grievance system for FDOC to provide their responses.

1

9. <u>Officer Damon Miller use of force record.</u>

    Objection: The below-listed uses of force involving Defendant Miller omit the summary detailing Miller's actions therein, and/or refer to supplemental reports which are not included in the documents produced.

A. Case No. 0016020365, Bates #209-214;
B. Case No. 0016031106, Bates #214-217;
C. Case No. 0016027327, Bates #218-225.

    Please provide the supplemental reports and summaries to complete this request for production of documents.

11. <u>Any other officer reports filed that were part of the above incident.</u>

    Objection: non-responsive to the full scope of the request. Plaintiff notes the presence of several other TPD officers at the scene of his arrest on Nov. 12, 2016, and "Ofc. Wirght" (sic - Wright?) who is identified in both the TPD Incident Report, Bates #229, and Arrest/Probable Cause Affidavit, Bates #52, as having field-tested the cocaine allegedly taken from Mr. Brooks.

    Please use due diligence to determine the existence of other documents responsive to Request for Production No. 11 and produce them forthwith.

Served by Eric K. Brooks, plaintiff      date: April 27, 2020

/s/ Eric K. Brooks

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that I have provided a copy of <u>Plaintiff's Objections to Defendant's First Production of Documents</u> to Defendant's Counsel Hannah D. Monroe, 300 S. Adams St. Box A-5, Tallahassee, FL, 32301, by furnishing it to prison mail officials for prepaid first-class US mail on this 27th day of April, 2020.

/s/ Eric K. Brooks
Eric K. Brooks, plaintiff
#582151 TCI
3950 Tiger Bay Road
Daytona Beach, FL 32124

2

Eric R. Brooks 582151
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach, Florida
32124

MAILED FROM A STATE CORRECTIONAL INSTITUTION

U.S. POSTAGE ❯❯ PITNEY BOWES

ZIP 32124 $ 000.95⁰
0000360581 MAY 28 2020

CHECKED JUN - 1 2020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
Tallahassee, Florida 32301-7730

LEGAL MAIL

**LEGAL MAIL**

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION