UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROVIDED TO TOMOKA CI ON 6-1-20
FOR MAILING BY CASA

ERIC K. BROOKS,
   Plaintiff,

vs.

Case No.: 4:19cv0524-MW/MAF

OFFICER DAMON MILLER,
   Defendant.
_____/

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

COMES NOW THE PLAINTIFF, Eric K. Brooks, pro se, pursuant to Rules 65(a),(b), and (d), Fed. R. Civ. P., and moves this court for a temporary restraining order and preliminary injunctive relief for such time as is necessary to resolve the issue of Defendant Miller's failure to produce the documents styled Bates #49-50; and/or to enjoin various other persons employed by Florida Department of Corrections and working at Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, FL 32124, from hindering Plaintiff's access to courts by obstructing the lawful discovery documents listed above. Plaintiff files this Motion in good faith; it is not intended to delay justice or to harrass.

Plaintiff has included a Memorandum of Law supporting this Motion, a proposed Temporary Restraining Order, a Declaration in Support thereof, and Appendix A - Inmate Grievances, proving that the exhaustion requirement of the Prison Litigation Reform Act has been met, and to guide this Court in its deliberations.

Pursuant to 28 U.S.C. § 1746, I declare that the foregoing Motion and all listed documents, pleadings and exhibits are true and correct, under penalty of perjury.

Respectfully submitted,
*Eric K. Brooks*
Eric K. Brooks, plaintiff

### CERTIFICATE OF WORD COUNT COMPLIANCE

Pursuant to Local Rule 7.1, the Motion above contains 182 words; the Memorandum contains 1700 words, and both the Proposed Order and Declaration contain less than 500 words each.

*Eric K. Brooks*
Eric K. Brooks, plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of this Motion for a Temporary Restraining Order and all attachments to Defendant's counsel Hannah D. Monroe, 300 S. Adams St, Box A-5, Tallahassee, FL 32301, by furnishing it to prison mail officials for prepaid first-class US mail on this 1st day of June, 2020.

*Eric K. Brooks*
Eric K. Brooks, plaintiff
#582151 Tomoka CI
3950 Tiger Bay Road
Daytona Beach, Florida 32124-1098

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC K. BROOKS,
 Plaintiff,

vs.                                            Case No.: 4:19cv0524-MW/MAF

OFFICER DAMON MILLER,
 Defendant.
_____/

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

#### Statement of the Case

This is a civil rights action brought under 42 U.S.C. §1983 by a state prisoner who has alleged false arrest, excessive force, unlawful search and seizure, and denial of medical care. Plaintiff is striving to complete discovery and has been prevented from reviewing critical discovery documents by TCI mailroom staff who seized and returned the documents to defendant's counsel, in violation of Florida Administrative Code Ch. 33-210.102 Legal Mail. Plaintiff seeks a temporary restraining order and preliminary injunctive relief to ensure that he will be able to review the documents before filing his opposition to summary judgment.

#### Statement of Facts

As stated in the declaration submitted with this motion, plaintiff's discovery documents were returned by TCI mailroom staff. Dec. 2,3. The stated reason was FAC Ch. 33-210.102(6)(b)(1), which prohibits inmates receiving non-paper items through legal mail. Dec. 4. Plaintiff unsuccessfully sought administrative relief through the inmate grievance system. Dec. 5,6. Plaintiff cannot timely prepare an effective opposition to summary judgment without reviewing these documents. Dec. 7 through 11.

# ARGUMENT

## POINT I: THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION.

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiff is Threatened with Irreparable Harm.

The plaintiff alleges that the return of his lawful discovery documents creates an insurmountable obstacle to his ability to properly oppose summary judgment by preventing him from reviewing critical discovery documents. Such an action is a violation of plaintiff's right to unhindered access to the courts as protected by the First Amendment. "Regulations and practices that <u>unjustifiably obstruct</u>... other aspects of the right of access to the courts are invalid." <u>Procunier vs. Martinez</u>, 416 U.S. 396, 419, 94 S.Ct. 1800 (1974) (emphasis added).

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. <u>Elrod vs. Burns</u>, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). Plaintiff here is harmed by a misapplication of FAC Ch. 33-210.102 (6)(b)(1), banning the receipt of non-paper items in inmate legal mail. See Section B, below. The documents are a translation of Defendant Miller's dash-cam video into a "readily usable form" (i.e. digitized data files on 2 discs labelled Bates #49-50 which can be viewed and heard on any computer with a CD drive, monitor and sound card, such as those in the TCI inmate law library).

The pivotal importance of the discs is readily apparent: they have been entered into the record as Defendant's Exhibit C in support of his <u>Motion for Summary Judgment</u> and are referred to in 3 different places therein. (ECF No. 17, p. 6, lines 4-5; p. 4, lines 3-14; p. 9, line 20.) Defendant asserts that the video "utterly discredits the allegations made by the plaintiff." (<u>Ibid.</u>, p. 6). Defendant has made numerous representations to the court about the contents of the video, including the allegation that it will "only hurt plaintiff's case." (<u>Ibid.</u>)

2

Defendant cites the purported contents of the video to assert that the court should deny plaintiff's <u>Motion to Compel and for Enlargement of Discovery</u> (ECF No. 24) in his <u>Response (ECF No. 26)</u>, plaintiff's <u>Motion</u> necessitated by Defendant's refusal to complete service of the very documents Defendant claims obviate the need for Plaintiff to view. (<u>ECF No. 26</u>, p.3).

Plaintive cannot completely and effectively rebut these arguments absent an opportunity to fully review the video upon which Defendant relies so heavily. Plaintiff has only two weeks remaining until the foreshortened deadline for opposing summary judgment; thus, the impending injury done by obstructing Plaintiff's review of these documents is both irreparable and imminent.

### B. <u>The Balance of Hardships Favors the Plaintiff</u>

The plaintiff asserts that this irreparable harm far outweighs any hardship to Defendant, who is only asked to do what he should have done by the rules of discovery, namely, remail the 2 discs to complete service of his First Production of Documents. As for the FDOC staff who have obstructed Plaintiff's review, their hardship is de minimis and arises from their failure to follow their own rules, specifically FAC Ch. 33-210.102 <u>Legal Mail</u>. Plaintiff clearly explained this in his <u>Appeal to the Secretary FDOC</u>, to no avail. See <u>Appendix A</u>.

The discs are documents as defined in Rule 34(a)(1)(A), Fed. R. Civ. P. They have been translated by Defendant into a "reasonably usable form." Ibid. They were produced by Defendant in compliance with Rule 34(b)(2)(E)(i), Fed. R. Civ. P. Plaintiff never sought to personally possess them; they would be useless to him without a computer and monitor. <u>Appendix A, Appeal</u>. He asked only that they be secured and stored in the law library until suitable arrangements could be made for him to fully review their contents. Ibid.

While the general ban on receiving non-paper items in legal mail may have some legitimate penological purpose, TCI mailroom ignored the overarching mandate of FAC Ch. 33-210.102 (1): "All inmates shall have right of unhindered access to courts. No provision of this rule shall be applied in such a way as to conflict with any rule of court... Inmates shall be given ample time in which to prepare petitions and other documents."

3

There can be no doubt that misapplying the ban on non-paper items "unjustifiably obstructs" Plaintiff's right to unhindered access to courts, per <u>Procunier</u> and contrary to FAC; that this misapplication conflicts with the Fed. Rules of Civ. P. cited above; and that the resulting denial of the discs has severely curtailed the time left for plaintiff to oppose summary judgment, through no fault of his own. Therefore, whatever hardship this prospective injunctive relief presents to FDOC staff cannot be judged more important than plaintiff's constitutionally-protected right to unhinder access to the courts.

C. <u>The Plaintiff is Likely to Succeed on the Merits</u>

The plaintiff has a great likelihood of success on the merits if allowed to complete the discovery to which he is entitled by Fed. R. Civ. P. Plaintiff has previously refuted Defendant's pretextual story in <u>Plaintiff's Second Declaration</u> and pointed out from the record falsified entries on <u>Defendant's Exhibit A</u>, the Probable Cause Affidavit. See <u>Plaintiff's Objections to Defendant's Motion to Stay Discovery</u>. Without Defendant's pretextual probable cause for stopping Plaintiff, his claims to qualified immunity and his defense fail to pass scrutiny. Plaintiff knows that the dash-cam video at the center of this dispute will support his sworn testimony that he was not driving at any point, despite Defendant's continuing insistence that this court hear only his representations as to what the video contains. Moreover, fundamental requirements of justice demand that Plaintiff be allowed to review this evidence, which both parties have asserted will prove their respective pleadings.

D. <u>The Relief Sought Will Serve the Public Interest.</u>

In this case the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution; likewise, law enforcement officers, including Defendant Miller. Plaintiff has demonstrated that FDOC officials failed to heed FAC ch.33-210.102(1) by misapplying other portions of that rule when seizing and returning Plaintiff's lawful discovery documents. These acts obstructed Plaintiff's constitutionally-protected rights to unhindered access to the courts; Plaintiff asks this court to enjoin them from any further such obstruction and remedy this injury. Plaintiff has satisfied the PLRA requirements by exhausting his administrative remedies,

4

## POINT II: THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY.

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c) Fed. R. Civ. P. However, the plaintiff is an indigent prisoner and is unable to post security. Further, the Rule is meant to protect the costs to someone wrongfully restrained; in this case the FDOC staff are clearly in error and costs are minimal. The court has discretion to excuse an impoverished litigant from posting security. In *University Books and Videos, Inc. vs. Metropolitan Dade County*, 33 F. Supp. 2d 1364, 1374, (S.D. Fla. 1999) the court held that requiring bond is discretionary and has been waived: "(1) when the party seeking the injunction has a high probability of succeeding on the merits of its claim ... (3) when demanding a bond from the party seeking the injunction would injure the constitutional rights of the party." Plaintiff meets these criteria and should not be penalized further for FDOC officials' malfeasance.

## CONCLUSION

Because Defendant has not responded to any of Plaintiff's good-faith efforts to resolve discovery issues and has clearly expressed his opposition to any delay in litigation (ECF 26, p.3, lines 1-5), Plaintiff has not wasted time seeking his position on this Motion. The foreshortened deadline to file Plaintiff's Opposition to Summary Judgment leaves no time remaining for such inquiry. Plaintiff has served this Memorandum, Motion, Proposed Order and Declaration on Defendant; if it should please this court to schedule a hearing for injunctive relief, Defendant will have ample time to present his position.

WHEREFORE, all premises considered, the Plaintiff moves this court to grant his Motion for a Temporary Restraining Order, adopt the proposed Order in its entirety, enjoin Tomoka CI mailroom staff from further obstructing Plaintiff's legal mail, in particular the 2 discs labelled Bates #49-50; direct Defendant to mail those discs back to Plaintiff; direct Warden D. Duncan to have the discs securely stored with the law library supervisor and make suitable arrangements for Plaintiff to fully review the discs within 48 hours of their return, and provide whatever other injunctive relief this court deems necessary.

Respectfully submitted,                    June 1, 2020

*Eric K. Brooks*
Eric K. Brooks, plaintiff

# APPENDIX A

* Informal Grievance #282-2004-0384
* Formal Grievance #2004-282-227
* Appeal to Secretary FDOC #206-16771

**INMATE REQUEST** 4/28

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

CR-*** Mailroom

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
☐ Warden
☑ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

FROM:
Inmate Name: Eric K. Brooks
DC Number: 582151
Quarters: B-1213
Job Assignment: L/G
Date: 4/21/20

**REQUEST** — Check here if this is an informal grievance ☑

On April 21, 2020, I went to the B-dorm officers' station to receive my legal documents provided by defendants' counsel Hannah D. Monroe in my case Brooks v. Miller 4:19cv524-MW/MAF, from Cassandra Adams, TCI mailroom. Ms. Adams removed 2 discs of an unknown digital medium, Bates #49 and #50, from my legal mail and stated, "This institution does not allow you to have this," or words to that effect. She appeared to be attempting to conceal them when she removed them, so I protested her actions. She then tried to force me to give her an address so she could send the discs out, where I would be unable to review their contents to prepare for trial. She then made unknown notations above my signature on the legal mail log sheet and gave me the remainder of my legal mail. I didn't get a DC6-220 for the 2 discs or any other documentation to prove she had taken them. I am grieving the unlawful seizure of my legal documents ~~committed~~ by Ms. Adams. Remedy: Turn over my 2 discs to the law library supervisor so that I can review them in a timely manner in a secure location immediately. Failure to properly preserve and secure these discs will form the basis for an allegation of obstruction of justice/obstruction of access to the courts, violating my 1st Amendment rights, US Constitution, and the related articles of the Fla. Constitution.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Eric K. Brooks    DC#: 582151

---

**DO NOT WRITE BELOW THIS LINE**

282-2004-0384

**RESPONSE**
DATE RECEIVED: APR 2 2 2020
ASST. WARDEN PROGRAMS
TOMOKA C.I.

Per chapter 33-210.102 (6)(b)(1) non paper items are not permitted therefore your CD was returned to the sender per your request. The contents of the CD's can be printed and mail to you for review.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **Denied**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): C. Adams    Official (Signature): [signature]    Date: 4/23/20

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

4/30

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

08-N Mailroom

2004-282-227

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Brooks | Eric | K. | 582151 | Tomoka CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

### Part A – Inmate Grievance

This is a formal grievance of informal grievance #282-2004-0384, copy attached. Ms. Adams' reply fails to address the issue of the grievance, which is that she seized my 2 discs without proper grounds. This seizure is the sole stated issue. She has admitted all the facts alleged therein. I will now address her response. First, she quotes part of the Routine Mail rule to justify her wrongful seizure. Legal mail is governed by a separate section of Chapter 33; her use of 33-210 is a pretext for her illegal act, which she compounds by her next words: "therefore your CD was returned per your request." IF Adams truly believed my incoming discs (which she cannot know to be "CD" unless she illegally reviewed their contents before returning them) were contraband, she should have impounded them pending final disposition, using the applicable rules Searches of Inmates and Contraband Control. She failed to do so. Her shocking decision to return my discs without allowing me a chance to view their contents creates a separate issue which I have grieved already, having been placed on notice by her illegal use of a Routine mail return receipt. Her statement "per your request" is simply a bald-faced lie and creates a new issue which I will be grieving separately; however, it is clear from the present grievance that I rejected her attempts to force me to give her an address to mail them to, and I clearly explained my need to have the discs secured and stored so that I could review their contents once arrangements were made to do so. Finally, Ms. Adams states, "The contents of the CD's can be printed and mail (sic) to you for review." This is non-responsive to the stated issue (i.e. her illegal seizure of Federal civil-rights litigation documents provided by opposing counsel in complete compliance with both Fed. Rules of Civil Procedure and Fla. Rules of Court) and more nonsense: the discs contained video footage in digital format and, contrary to Adams' statement, cannot be "printed out and reviewed."

Issue: Ms. Adams unlawfully seized 2 discs from my legal mail.

Remedy sought: Turn over my discs to Classification or the law library supervisor so I can review them as soon as possible; reassign Ms. Adams somewhere where she cannot thwart my legitimate litigation activities with her malicious and illegal activities.

Note: By failing to send the discs by registered mail, Adams has endangered them and besides has no proof whatsoever that she actually mailed them. I reassert the constitutional issues arising from the stem grievance. Chief Judge Mark E. Walker, U.S. District Court, Northern District of Florida, will be kept abreast of your decisions.

April 24, 2020
DATE

RECEIVED APR 24 2020 ASST. WARDEN PROGRAMS TOMOKA C.I.

Eric K. Brooks 582151
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:    X / XXXXXXX
                                                                            #      Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the Inmate on: _____   Institutional Mailing Log #: _____   _____
                            (Date)                                                          (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY           CENTRAL OFFICE
                INMATE (2 Copies)              INMATE
                INMATE'S FILE                  INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)         Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| BROOKS, ERIC | 582151 | 2004-282-227 | TOMOKA C.I. | B1213L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal was received and reviewed with the following response provided.

The discs that were returned to sender by Ms. Adams bear the tracking number 9114 9014 9645 1826 9140 46. Your discs were returned because according to Chapter 33-210-.102(6) Inmates shall be permitted to receive only legal documents, legal correspondence, written materials of a legal nature and self addressed stamped envelopes. No other items may be received through legal mail. Also Chapter 33-210.102 4(b) the following items which are prohibited for receipt in routine mail are also not permissible for inclusion attachment to legal mail.

Based on the above information, your request for administrative remedy is denied.

If you feel your grievance was not correctly resolved, you may obtain further administrative review of your complaint by obtaining form DC1-303, request for administrative remedy or appeal, completing the form, providing attachments as required by paragraphs 33-103.007(3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

J. Haas                                           D. Duncan

_____        _____     4/29/2020
SIGNATURE AND TYPED OR PRINTED NAME OF      SIGNATURE OF WARDEN, ASST.              DATE
EMPLOYEE RESPONDING                         WARDEN, OR SECRETARY'S
                                            REPRESENTATIVE

MAILED

APR 3 0 2020

AWP OFFICE

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

*Library*

RECEIVED
MAY 11 2020
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| BROOKS | ERIC | K. | 582151 | Tomoka CI |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**  20-6-16771

This is an appeal of formal grievance #2004-282-227, copy attached. The issue of this appeal is the illegal seizure of 2 discs of documents sent in compliance with Fed.R.Civ.P. through legal mail for my review in the §1983 action Brooks vs. Miller, 4:19cv524-MW/MAF, on April 21, 2020. The documents in question were supplied by Hannah Monroe, Esq., Defendant's counsel, pursuant to Fed.R.Civ.P. Rule 34(b)(2)(E)(i), labelled Bates #49-50. They are audio-video recordings of Plaintiff Brooks' arrest and were provided "in a reasonably usable form" to Brooks, per Rule 34(b)(2)(E)(ii). ibid. From the outset, Brooks has asked only that the discs be securely stored (by law-library supervisor, Classification, or Property Room) and that he be given timely access to an electronic device and monitor to review the documents to formulate his suit's proper prosecution. The discs are documents per Rule 34(a)(1)(A): "any designated documents or electronically stored information—including...sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;..." Brooks never asked to personally possess the discs; they would be useless to him without a personal computer and video monitor. Instead, he asked that they be secured and stored pending his review. However, TCI mailroom staffer C. Adams seized the discs despite Brooks' protests and ultimately disposed of them, creating a separate issue (which is being grieved separately).

Her justification is based on ch. 33-210.102.(6)(b)(1): non-paper items are not permitted for an inmate to receive in legal mail. However, ch.33-210.102(1) states: "All inmates shall have right of unhindered access to courts. No provision of this rule shall be applied in such a way as to conflict with any rule of court...Inmates shall be given ample time in which to prepare petitions and other documents." Adams knew or should have known that her willful misapplication of 33-210.102(6)(b)(1) to seize Brooks' discovery documents conflicted with Fed.R.Civ.P. Rule 34 and hindered his access to courts by preventing his completion of discovery in his suit in a timely manner, discovery being tightly constrained by the scheduling order. Further, she knew or should have known that ch.33-210.102(1) expressly forbade her seizure, and that seizure would curtail, delay, or effectively prevent Brooks' preparation, contrary to same. In summary, Adams unlawfully seized the discs (which are clearly permitted by Federal Rules of Civil Procedure) in direct conflict with ch.33-210.102(1). I have grieved this seizure as the sole issue of #2004-282-227, which I hereby incorporate by reference. I renew all constitutional claims, remedies, and protection from retaliation sought therein.

May 3, 2020
DATE

*Eric K. Brooks* 582151
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  X / XXXXXXXX
# / Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: 5/05/20  Institutional Mailing Log #:_____  (Received By)
(Date)

282   8N
2004-282-227

DISTRIBUTION:
INSTITUTION/FACILITY       CENTRAL OFFICE
INMATE (2 Copies)           INMATE
INMATE'S FILE               INMATE'S FILE - INSTITUTION./FACILITY
INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)      Incorporated by Reference in Rule 33-103.006, F.A.C.

MAILED/FILED
WITH AGENCY CLERK

MAY 22 2020

Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| BROOKS, ERIC | 582151 | 20-6-16771 | TOMOKA C.I. | B1213L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been received, evaluated and referred to Library Services, who provided the following information:

The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

A. MCMANUS

_____   _____   5-21-20
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING   SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE   DATE

Eric R. Boas 582137/05-203
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach Florida
32124

MAILED FROM A STATE CORRECTIONAL INSTITUTION

U.S. POSTAGE >> PITNEY BOWES
ZIP 32124 $ 000.80⁰
0000360581 JUN 02 2020

MAILED FROM A STATE CORRECTIONAL INSTITUTION

CHECKED

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730

**LEGAL MAIL**