PROVIDED TO TOMOKA CI ON 6-3-20 FOR MAILING BY CAE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC K. BROOKS,
   Plaintiff,

vs.   Case No.: 4:19cv0524-MW/MAF

OFFICER DAMON MILLER,
   Defendant.
_____/

## OBJECTIONS TO DEFENDANT'S RESPONSE TO MOTION TO COMPEL DISCOVERY AND TO ENLARGE

COMES NOW THE PLAINTIFF, Eric K. Brooks, pro se, and enters his Objections to Defendant's Response to Motion to Compel, ECF No. 26. Defendant appears to wish this court to believe that his utter disregard for the discovery process is "due to pleadings passing in the mail;" however, the sole example he provides is irrelevant to the inaction which necessitated filing the Motion to Compel, ECF No. 24. (See ECF No. 26, p. 1, lines 5-8.)

Failure to produce documents is indeed a violation to be addressed on a Motion to Compel, whatever Defendant may believe. The Rules Committee has said as much in the notes to various amendments to Fed. R. Civ. P., and if the Defendant makes no attempt to resolve the failure to produce documents once made aware of the problem, or even the bare courtesy of notifying Plaintiff of his disinterest in resolving it, then the Motion to Compel is the appropriate vehicle left to Plaintiff.

The Defendant wishes for this court to accept his conflicting misrepresentations regarding the contents of the MAVRIC dashcam video: for example, in the Response he states that he provided the video alone as Exhibit C in support of his Motion for Summary Judgment. (ECF No. 26, lines 9-11). However, in the Motion for Summary Judgment he states "...Officer Miller told him, "to put [his] hands facing that door over there so that way [his] hands don't go numb." [Exhibit C, 10:40 of the MAVRIC video]" Short of providing subtitles, Plaintiff cannot conceive of how a video-only recording provides the verbal representation Defendant alleges in ECF 17, p. 4, lines 7-15, nor how this court can accept that the video-alone Exhibit C "does not record Mr. Brooks asking for medical attention" as anything other than a transparent effort to mislead the court about Mr. Brooks' valid cries for help, concealed by omitting the

FILED USDC FLND TL
JUN 5 '20 PM 4:25

audio track of MAVRIC# 100711, and contrary to the first example cited.

Defendant's Response continues the troubling pattern of making representations to the court about the contents of the video while insisting that Plaintiff accept them at face-value, even when internally inconsistent, or simply false. Yet Plaintiff cannot effectively rebut what he cannot see, hear, or review. Defendant says the video "would only hurt Plaintiff's case, not help him defeat Defendant's Motion for Summary Judgment." ECF. No. 26, p.2. Whether Defendant is shown in possession of cocaine "by the video is debatable, unless the video contains irrefutable evidence in the form of the so-far unknown "Officer Wirght" and the field-test results which Defendant has failed to produce in discovery; again, the court is asked to accept these representations as true. ECF No. 26, p.2.

Finally, Defendant cites the video as showing "there is no material dispute of fact at issue in this case regarding Plaintiff's claims of false arrest." Ibid. Plaintiff points out that even without viewing the dash-cam video, it cannot and will not support Defendant's sworn testimony that he "observed Brooks driving a black KIA", followed him and eventually arrested him for driving without a license. (ECF No. 17, p.2) Simply put, the video cannot show what did not occur, and absent Defendant's pretextual story of Brooks driving without a license, all that remains is a false arrest, illegal search, assault, denial of medical care, and an officer who falsified documents to cover his tracks.

It is simply outrageous that Defendant objects to halting litigation to allow Plaintiff to gather evidence to properly oppose summary judgment, yet Defendant had no qualms about halting litigation to prevent the discovery process which has already uncovered numerous discrepancies in Defendant's version of events. As Plaintiff has demonstrated in his Memorandum of Law in support of his Motion for a Temporary Restraining Order, there is a clear-cut violation of state law regarding prison legal mail, not "an alleged violation of policies," as Defendant would have it. ECF No. 26, p.3, lines 4-5.

The video has become a central piece of evidence in this action. Allowing the Defendant to continue misleading this court as to its contents as he insists on a rush to judgment which would preclude Plaintiff reviewing the video first is not compatible with the spirit or the letter of Fed. R. Civ. P.

Respectfully submitted,   June 3, 2020

*Eric K. Brooks*
Eric K. Brooks, plaintiff

2

## CERTIFICATE OF WORD-COUNT COMPLIANCE

Pursuant to Local Rule 7.1, this Objection contains 573 words.

*Eric K. Brooks*
Eric K. Brooks, plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided a copy of this Objections to Defendant's Response to Defendant's counsel Hannah O. Monroe, 300 S. Adams St. Box A-5, Tallahassee, Florida, 32301, by furnishing it to prison mail officials for prepaid first class US mail this 3d day of June 2020.

*Eric K. Brooks*
Eric K. Brooks, plaintiff
#582151 Tomoka CI
3950 Tiger Bay Road,
Daytona Beach, FL 32124-1098

Eric K. Brooks 582151
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach Florida
32124

MAILED FROM A STATE CORRECTIONAL INSTITUTION

CHECKED JUN - 5 2020

U.S. POSTAGE >> PITNEY BOWES
ZIP 32124 $ 000.65⁰
02 4W
0000360581 JUN 03 2020

MAILED FROM A STATE CORRECTIONAL INSTITUTION

United States District Court
Northern District of Florida
Office of The Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730

**LEGAL MAIL**

32301$7730 C001