**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERIC K. BROOKS,**

    **Plaintiff,**

**vs.**                                              **Case No.  4:19cv524-MW-MAF**

**OFFICER D. MILLER,**

    **Defendant.**

_____/

**O R D E R**

    The pro se Plaintiff filed a "motion for review" of the Order, ECF No. 22, which stayed discovery pending a ruling on Defendant's motion for summary judgment, ECF No. 17.  Plaintiff's request for review has now been addressed by the presiding District Judge, ECF No. 35, and Plaintiff's objections have been overruled.  *See* also ECF No. 38.

    A telephonic conference is scheduled for June 11, 2020.  ECF Nos. 30, 33.  The issue to be considered is ensuring that Plaintiff can receive and review an exhibit (video evidence) filed by the Defendant.

    Plaintiff has now filed four documents.  ECF Nos. 39-42.  Each are addressed below.  The first document is a motion titled by Plaintiff as a

motion for a temporary restraining order and injunctive relief.  ECF No. 39. The motion is not seeking relief pertaining to the complaint, however. Instead, Plaintiff seeks to receive discovery.  *Id.*  The motion is properly construed as a motion to compel, but is denied as moot and redundant. Plaintiff's prior motion to compel, ECF No. 24, was already granted in part. It is that motion which is the subject of the telephonic conference.

To the extent Plaintiff contends that Defendant has refused to "complete service" of the discovery, ECF No. 39 at 4, that is rejected.  The prior Order, ECF No. 30, along with Defendant's response, ECF No. 26 at 2, made clear that Defendant is not at fault for Plaintiff's inability to watch the video thus far.  Counsel for the Defendant properly mailed the discovery to Plaintiff, but it was returned by prison staff.  Furthermore, to the degree Plaintiff contends that "TCI mail room staff" are hindering his discovery, this Court cannot enter an injunction against persons who are not parties to this case.

Plaintiff's second motion is to "supplement the record."  ECF No. 40. Plaintiff desired to file a declaration in support of the motion, ECF No. 39, construed as a motion to compel.  The motion is granted and his declaration, ECF No. 40, has been reviewed.

Case No. 4:19cv524-MW-MAF

Plaintiff has also filed "objections to Defendant's response to motion to compel discovery and to enlarge." ECF No. 41. What Plaintiff is seeking to do is file a reply memorandum to Defendant's response. The Local Rules of this Court do not permit filing a reply to a response except in extraordinary circumstances or when the reply concerns a summary judgment motion. N.D. Fla. Loc. R. 7.1(I). Plaintiff has not been given permission to file a reply, and that document will not be considered further.

Plaintiff has also submitted a proposed "order to show cause and temporary restraining order." ECF No. 42. That document is unnecessary, not solicited, and no further action will be taken on that filing.

In light of Plaintiff's recent filings, some direction seems appropriate. The Court is seeking to coordinate Plaintiff's receipt of discovery and provide Plaintiff with the means to respond to Defendant's summary judgment motion. That is the reason the telephonic conference has been scheduled. Such a conference provides an efficient way to cut through red tape and resolve the issue. Plaintiff's filing of repetitive motions and documents are not assisting in this effort. The documents are neither efficient, nor inexpensive to Plaintiff. The scheduling of a telephone conference was intended to speed up the process and relieve the parties

from filing further documents concerning this issue. Nothing further need be filed.

Finally, Plaintiff is also complaining that he "has only two weeks remaining" to oppose Defendant's summary judgment motion. ECF No. 39 at 4. That is not correct. The prior Order informed the parties that "a deadline for Plaintiff to respond to the summary judgment will be set during the conference call." ECF No. 30 at 3. Thus, Plaintiff does not yet have a deadline as the Court will first ensure that Plaintiff has the opportunity to review the video before responding to Defendant's summary judgment motion.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for a temporary restraining order and injunctive relief, ECF No. 39, is construed as a motion to compel and is **DENIED** as moot. *See* ECF No. 30.

2. Plaintiff's motion to supplement the record, ECF No. 40, is **GRANTED** to the extent that Plaintiff's declaration has been reviewed.

3. Plaintiff's objections, ECF No. 41, are an unauthorized reply to Defendant's response and will not be considered further.

4.  The telephonic conference scheduled for 9:30 a.m., E.S.T., on **June 11, 2020**, shall proceed to resolve the discovery issue.

5.  Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

**DONE AND ORDERED** on June 9, 2020.

> S/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**