UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Provided To __Tamok-CI__
On __1/11/21__
For Mailing, by __E.B.__

ERIC K. BROOKS,
    Plaintiff,

vs.                         Case No.: 4:19-cv-00524-MW/MAF

D. MILLER,
    Defendant.
_____/

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT ECF No. 52

COMES NOW THE PLAINTIFF, Eric K. Brooks, pro se, pursuant to Rule 72(b)(2) Fed. R. Civ. P. and enters his Objections to Magistrate's Report and Recommendation, ECF No. 52 (henceforth "Report"). That Report was served on Plaintiff December 29, 2020, thus these Objections are timely filed within 14 days of date of service.

Plaintiff objects generally to the Magistrate's distortion of the Record, his deliberate insertion of elements which are non-existent or at best remain genuine issues of material facts in dispute, and his active advocacy for the Defendant by advancing Defendant's version of events as undisputed facts despite errors of fact and law apparent from the Record, as Plaintiff will detail below.

Further, Plaintiff renews his objection to the Court's decision to stay discovery pending resolution of Defendant's belated and untimely claims of qualified immunity on the grounds previously objected to. Plaintiff objects to Defendant's continuing refusal to respond to discovery requests filed prior to Defendant's Motion for Summary Judgment.

Finally, Plaintiff renews his objections to this Court's decision to refuse to order the specific discovery requests that Magistrate directed Plaintiff to petition the Court for in Order, ECF No. 22, p. 4.

## NUMBERED OBJECTIONS TO THE REPORT

**I. ALLEGATIONS OF PLAINTIFF'S COMPLAINT, p. 2-3.**
1. Plaintiff objects to the Magistrate's omission of Plaintiff's well-pled claim for illegal search and seizure.

**IV. MAGISTRATE'S SUMMARY OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT, ECF No. 51.**
2. Plaintiff objects to the Magistrate's characterization of his Opposition as "new sets of facts" (Report p. 7) as prejudicial and inaccurate; Plaintiff's Opposition is supported by the Record, attached exhibits derived from discovery, and his own sworn declaration.

## V(A) THE AUDIO/VIDEO EVIDENCE DOES NOT REFUTE PLAINTIFF'S ACCOUNT.

3. Plaintiff objects to the Magistrate's description of the first 47 seconds of the video (Defendant's Exhibit C), where the Magistrate states "At approximately 3:13 p.m., two police cars, one of which belonged to Defendant, were in pursuit of a black KIA for several blocks." (emphasis added) This is wildly prejudicial; it implies Plaintiff was fleeing to elude capture, worse, it adds an element never pled by Defendant and unsupported by the video or the Probable Cause Affidavit (Defendant's Exhibit A; henceforth "PCA"). There are no lights or sirens displayed; Defendant says he followed Plaintiff to 2516 Golf Terrace where he had a consensual encounter. Ibid., see also Report, p.6. The Magistrate simply fabricated this "pursuit."

4. Plaintiff objects to the Magistrate's decision to name Plaintiff "the driver of the black KIA." Report, p.8. The driver's identity is a material fact in dispute which the video does not conclusively settle; while a reasonable jury could consider Plaintiff's exit from the driver's side door, it does not prove he was the driver. At no time is Plaintiff shown driving the KIA. Defendant converses with other persons inside the KIA before disappearing off-camera.

5. Plaintiff objects to Magistrate's unsupported statement that "(A)t least three pedestrians were in the area." The video does not capture the size of the crowd, whether 3, 30, or 300, and no portion of Defendant's pleadings supports this.

6. Plaintiff objects to the Magistrate's omission of Defendant battering Plaintiff, which is clearly audible at 02:17, followed by Defendant placing Plaintiff under arrest. This is a genuine issue of material fact in dispute, supporting Plaintiff's excess force claims; the audible sound of Plaintiff's body being slammed into a car by Defendant is more than "a scintilla of evidence."

7. Plaintiff objects to Magistrate's insertion of the words "(guns, knives or weapons)" into his preface to Defendant's illegal search of Plaintiff. Defendant has never pled that he was searching Plaintiff for weapons. However, there is evidence on record that he was looking for drugs, beginning with the PCA's supporting TPD Incident Report, Plaintiff's Exhibit A-1, where Defendant lists "Drug Activity" under "Suspect Characteristics." The Magistrate's unsupported statement is prejudicial in that it implies Plaintiff was suspected of being armed.

8. Plaintiff objects to Magistrate's prejudicial statement "It is important to note that there is no indication that any force was used," See Objection 6, supra. The Magistrate ignores the clear audio evidence of excessive force cited in both Plaintiff's Complaint and his Opposition; it is unclear from current caselaw what the video should have shown to meet the Magistrate's standard.

2

Having just been battered by Defendant, who is a foot taller and one hundred pounds heavier than Plaintiff, his seeming calm can be understood as a well-founded fear of another unprovoked attack; this is supported by the audio at 6:44-7:29, when Plaintiff "stated he did not want to upset Defendant," as the Magistrate notes. <u>Report</u>, p.10.

9. Plaintiff objects to Magistrate's evasion of the audio-video contents from 31:00 to 52:00, which include Defendant turning up the radio to cover Plaintiff's complaints of injury; the Magistrate has stated that Plaintiff never complained of any injury. <u>Report</u>, p.11, ¶9. Plaintiff has argued the pretextual nature of Defendant's alleged demonstrated concern for his comfort. See <u>Opposition</u>, p.20.

V(B) <u>PLAINTIFF'S ALLEGED FAILURE TO STATE A CLAIM FOR FALSE ARREST AND ILLEGAL SEARCH AND SEIZURE.</u>

10. Plaintiff objects to Magistrate's prejudicial insinuations that Plaintiff was engaged in criminal flight when he chose to terminate the "consensual encounter" Defendant claims to have had, e.g. citing <u>Illinois v. Wardlow</u>. <u>Report</u>, pp.13-14.

11. Plaintiff objects to the Magistrate's adoption of Defendant's fallacious argument that he had probable cause to arrest Plaintiff when he admitted to having no driver license;
   "When Defendant asked Plaintiff whether he had a drivers' (sic) license and Plaintiff responded "no," probable cause was established; and Defendant arrested Plaintiff." <u>Report</u>, p.14

This fallacious argument underpins everything that follows in the Report and it is flatly false. Plaintiff directs the District Judge to his <u>Opposition</u>, pp.7-8, for a detailed analysis of the traffic laws that Defendant misconstrued, but this fact cannot be overemphasized: driving without a license in the State of Florida is a <u>non-criminal traffic infraction</u> for which the driver cannot be arrested.

12. Plaintiff objects to Magistrate's deliberately false matter of law used to support his fallacious argument to support probable cause.
   "Despite Plaintiff's assertions, under Florida law it is a criminal offense to drive a motor vehicle without a license. See Fla. Stat. §322.34." <u>Report</u>, p.14

3

The Magistrate is wrong here; Fla. Stat. §322.34 is titled "Driving while license suspended, revoked, canceled or disqualified," and while violating that statute is a criminal offense, you must first have a driver license to get it suspended, revoked, canceled or disqualified. Both Defendant and Plaintiff have repeatedly sworn that Plaintiff never had one. Defendant can be heard on the audio telling Plaintiff, "I was going to give you a court date about your driver's license, but you have cocaine on you, which is a felony." Defendant's Exhibit C at 23:16; Report, p. 11.

What is far more disturbing than the Magistrate's inability to interpret Florida's traffic laws is his advocacy here for the Defendant, creating a "fact" not found in the Defendant's pleadings on which to base his presumption of probable cause. Defendant never alleged that Plaintiff violated §322.34. Instead, he charged Plaintiff with violating Fla. Stat. §322.03(1) Driving without a valid license. See Defendant's Exhibit A, p. 2. Unfortunately that is also false; §322.03(1) deals with commercial driver licenses, which Plaintiff has also never had, nor has Defendant alleged that he did.

Very simply, arresting Plaintiff for a non-arrestable traffic infraction is a false arrest; no probable cause can exist to authorize Defendant's action, or the Magistrate's argument.

13. Plaintiff objects to the Magistrate's continued assertion as fact that the substance in Plaintiff's pocket was cocaine. Whatever Defendant found in Plaintiff's pocket is "fruit of the poison tree," per Wong Sun and its ilk, as Plaintiff has argued in his Opposition, given that the initial arrest was unlawful. See Objection 12, supra; Opposition, pp. 15-16. Defendant has asserted that the video proves the substance is cocaine, yet no field test is performed on-camera or off, and no lab test results have been produced in discovery.

14. Plaintiff objects to the Magistrate's uncritical adoption of Defendant's PCA (Defendant's Exhibit A) as undisputed fact; Plaintiff has argued in his Opposition that the PCA contains numerous demonstrable false statements, yet the Magistrate states "the affidavit is corroborated by the video," Report, p. 15.

4

These false entries undermine Defendant's credibility, lend support to Plaintiff's assertions about the various pretextual elements found in Defendant's version of events and show that there are genuine issues of material facts in dispute, not mere existential doubts.

15. Plaintiff objects to Magistrate's assertion that Defendant conducted a lawful search. See <u>Objections</u>, supra; <u>Opposition</u>, pp. 15-16.

16. Plaintiff objects to Magistrate's adoption of Defendant's statement that he "found an illegal substance - crack cocaine - on Plaintiff's person." There is no proof of the nature of the substance in the Record and Defendant's word is frankly worthless, given the false utterances he has made under oath.

17. Plaintiff objects to Magistrate's advocacy regarding Defendant's failure to move for summary judgment on the illegal search and seizure claim. When Defendant failed to so move, he waived his opportunity to do so; no amount of sophistry by the Magistrate changes this fact, even if the Magistrate's flawed "search incident to lawful arrest" argument had any merit.

18. Plaintiff objects to Magistrate's description of the incident as a "lawful arrest" in order to defeat Plaintiff's 4th Amendment claim which Defendant waived.

<u>I.(C) PLAINTIFF'S ALLEGED FAILURE TO STATE AN EXCESS FORCE CLAIM.</u>

19. Plaintiff objects to Magistrate's failure to address Defendant's violation of Fla. Stat. § 901.17; this violation consisted of Defendant putting his hands on Plaintiff without advising him of his intention to arrest him. Even had the arrest been lawful, that violation constituted simple battery under Florida law.

5

Instead, the Magistrate spends several pages reciting a litany of prisoner-abuse cases which are distinguishable from the greater rights accorded to citizens being arrested who are not offering any resistance. Any force used during a false arrest is excessive and there can be no doubt by now that this was such an arrest.

Plaintiff has alleged that Defendant grabbed him, slammed him into a vehicle, then shouted, "Put your hands behind your back." This is clearly heard on the audio track, yet Defendant continues to maintain the video "clearly shows" a sequence of events taking place off camera, and the Magistrate has adopted this view as factual, despite the evidence to the contrary.

20. Plaintiff objects to Magistrate's attempts to minimize the constitutional dimension of Defendant's conduct by alleging it was de minimis at best, given that the Magistrate stayed Plaintiff's discovery with timely requests still outstanding. Further, citing convicted prisoner use-of-force cases such as Wilson v. Gaddy et al. is grotesque when Plaintiff's claim involves Defendant's unprovoked battery of what at best could have been a traffic arrestee - but was not. Reducing this battery to a mere "shove" (Report, p. 19) again shows the Magistrate advocating for the Defendant while adding an element not contained in the Record.

21. Plaintiff objects to Magistrate's statement that "the video refutes Plaintiff's claims." Plaintiff was not slammed into a patrol vehicle. As repeatedly noted above, that slam took place off-camera - the video cannot refute what it doesn't show. Again, the Magistrate has added an element outside the Record.

## V(D) PLAINTIFF'S ALLEGED FAILURE TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE.

22. Plaintiff objects to the Magistrate's misrepresentation of his injuries, the false statement that he did not complain of them, and the repeatedly cited solicitous remarks made by Defendant which Plaintiff has alleged were made solely for the benefit of the recording devices. Had Plaintiff been allowed to conclude discovery, Leon County Detention Center medical records would have shown the extent of Plaintiff's injuries.

6

## V.(E) DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY.

23. Plaintiff objects to Magistrate's conclusion in every particular. Report, p. 22, lines 8-13. Plaintiff has proven, as a matter of law, that Defendant falsely arrested him for a non-criminal traffic infraction; that lacking probable cause or a lawful arrest his subsequent arrest was illegal; that the illegally seized substance was never properly tested or proven to be cocaine; that Defendant battered him without provocation or cause; and that the ensuing injuries are at least a material fact in dispute.

For these reasons, qualified immunity cannot be available to Defendant. The Magistrate ignores the obvious tampering with the video evidence; the clear parallels to Doctor v. State (a pretextual traffic charge concealing a drug interdiction operation involving multiple officers); the repeated reliance on off-camera segments presented as "clearly showing" alleged proofs used to contradict Plaintiff's version of events; and above all, Defendant's violent violation of Fla. Stat. §901.17 as he battered Plaintiff without provocation.

The Magistrate's prejudicial reasoning, open advocacy for Defendant's spurious tale, and insertion of elements not found in the pleadings or supported by the Record, all amount to an appalling abuse of discretion.

WHEREFORE, all objections having been entered, Plaintiff respectfully moves this Court to:
1. Disregard the contents and erroneous conclusions of the Magistrate's Report;
2. Review de novo Plaintiff's Opposition to Summary Judgment, ECF No. 51;
3. Deny Defendant's Motion For Summary Judgment, ECF No. 17;
4. Deny Defendant qualified immunity;
5. Reopen Plaintiff's forestalled discovery by overturning the stay thereof; and
6. Order any other such relief as this Court may deem just and equitable.

Respectfully submitted,

*Eric R. Brooks*
Eric R. Brooks, Plaintiff

### CERTIFICATE OF COMPLIANCE

I hereby certify that this objection contains 2,133 words, in compliance with Local Rule 7.1, N.D. Fla.

*Eric R. Brooks*
Eric R. Brooks, Plaintiff

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have provided this Plaintiff's Objections to Magistrate's Report to the court and to Defendant's counsel Hannah D. Monroe, 300 S. Adams St., Box A-5, Tallahassee, Florida 32301, by furnishing it to prison mail officials for prepaid first class USPS mail on this 11th day of January 2021.

*Eric K. Brooks*
Erick. Brooks, Plaintiff
#582151 Tomoka CI
3950 Tiger Bay Road
Daytona Beach, Florida
32124-1098

Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona Beach, Florida 32124

MAILED FROM A STATE CORRECTIONAL INSTITUTION



U.S. POSTAGE >> PITNEY BOWES
ZIP 32124 $ 000.65
02 4W
0000360581 JAN 11 2021

CHECKED JAN 14 2021

MAILED FROM A STATE CORRECTIONAL INSTITUTION

LEGAL MAIL

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730