**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERIC K. BROOKS,**

  *Plaintiff*,

v.           Case No.  4:19cv524-MW/MAF

**D. MILLER,**

  *Defendant*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

  This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 52, and has also reviewed *de novo* Plaintiff's objections to the report and recommendation, ECF No. 53.

  This Court agrees with the Magistrate Judge but writes to clarify certain issues raised in the Report and Recommendation and to make explicit what is implicit therein. It is not enough to defeat summary judgment that there exist just "*some* alleged factual dispute" between parties—there must be a "*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986) (emphasis in original). When determining whether the dispute between two parties is "genuine," a court should not adopt a party's version of the facts where that version "is blatantly contradicted by the record, so that no reasonable jury could believe it . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, Plaintiff's verified complaint is properly treated as testimony. *Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (citing *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (en banc) ("[O]ur cases correctly explain that a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment.") and *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981) (stating that a verified complaint serves as the equivalent of an affidavit for purposes of summary judgment)). This includes Plaintiff's allegations about Defendant's actions. Had the record contained only the Plaintiff's verified complaint and the Defendant's sworn testimony, a jury would have to determine the credibility of the parties and their differing accounts. But the record before this Court also contains a video of the arrest incident at issue; accordingly, Plaintiff's verified complaint does not necessarily create a *genuine* issue of material fact. *See* ECF No. 52 at 8-11.

When there is a battle between sworn allegations and video evidence, "[f]acts not captured on camera are viewed in the light most favorable to plaintiff." *Smith v. Tifft*, No. 3:12CV172/RV/CJK, 2014 WL 8021560, at *2 (N.D. Fla. Nov. 7, 2014), *report and recommendation adopted as modified*, No. 3:12CV172-RV/CJK, 2015 WL 925568 (N.D. Fla. Mar. 3, 2015) (citing cases). But those facts that *are* captured on camera "are viewed in the light depicted by the video evidence." *Id.* (citing *Scott*, 550 U.S. at 380). To be clear, what this Court is *not doing* is weighing

the evidence or discrediting Plaintiff's sworn allegations based on Defendant's testimony. Rather, the video evidence in this record renders the Plaintiff's assertions "so utterly discredited" that "no 'genuine' dispute of material fact exists sufficient to prompt an inference on behalf of the [Plaintiff]." *Singletary v. Vargas*, 804 F.3d 1174, 1183 (11th Cir. 2015) (quoting *Scott*, 550 U.S. at 380). Moreover, there is no allegation that key events unfolded outside the view of the camera or before the recording began to raise a genuine dispute of material fact. Accordingly,

**IT IS ORDERED**:

The report and recommendation is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion. Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.  The Clerk shall enter judgment stating, "Plaintiff's case is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)." The Clerk shall also note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and close the file.

**SO ORDERED on January 22, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**