IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERIC K. BROOKS,**

    *Plaintiff*,

v.                                Case No.: 4:19cv524-MW/MAF

**D. MILLER,**

    *Defendant.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

    This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 103, and has also reviewed *de novo* Plaintiff's objections, ECF No. 113, along with the transcript of the hearing before the Magistrate Judge on October 8, 2024, ECF No. 112. This Court is not required to hold "a new hearing of witness testimony," but it is required to independently consider "factual issues based on the record." *Jeffrey S. by Ernest S. v. St. Bd. Of Educ. Of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (citations omitted). "If the magistrate makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings." *Id*.

    Plaintiff asserts his settlement agreement should be withdrawn because (1) it was a "forced" settlement that he entered into based on a statement his lawyer made that he understood as a "threat" to his life and (2) the other parties to the agreement

have not followed through with the agreement to have him released from jail and his pending criminal charges dropped. ECF No. 98 at 1. The Magistrate Judge promptly set a hearing on Plaintiff's motion, and both Plaintiff and his attorney, Gary Printy, testified under oath about the settlement conference that occurred at the jail which gave rise to the agreement at issue. *See* ECF No. 112 (transcript of hearing). Notwithstanding Plaintiff's objections, having reviewed the hearing transcript in full and Plaintiff's objections, this Court agrees with the Magistrate Judge's conclusion that Plaintiff's motion to withdraw his settlement agreement, provide another lawyer to represent him, and enter an injunction against the Tallahassee Police Department, ECF No. 98, is due to be denied.

Without dispute, ahead of trial in September 2024, Plaintiff and his attorney, Mr. Printy, had a settlement conference with defense counsel at the Leon County Detention Facility. Defense counsel offered to pay Plaintiff $35,000 if he agreed to a general release of all claims against the City of Tallahassee, including the underlying claims in this litigation and any claims arising out of two interactions Plaintiff had with law enforcement in 2024. Plaintiff testified that during the settlement conference, outside the presence of defense counsel, Mr. Printy told Plaintiff that if he was Plaintiff, he'd sign the agreement, take the money, and move on because he had a "big target on [his] back," with respect to the Tallahassee Police Department. ECF No. 112 at 5–6. Mr. Printy's testimony confirms this exchange.

*Id*. at 43. He testified that he believed the offer to be "an extremely good deal for Mr. Brooks to make," so "to help him make that decision," Mr. Printy told Plaintiff "you know, you've been arrested all these times and you pretty much live at the same place in Tallahassee all the time. That's kind of like having a target on your back, so you need to get a new start." *Id*. Mr. Printy also testified that "that's what [Plaintiff] wanted to do." *Id*. Moreover, Plaintiff testified that Mr. Printy's statement was not anything he did not already know. *Id*. at 64.

      Considering the testimony at the hearing on Plaintiff's motion, this Court agrees with the Magistrate Judge's conclusion that Plaintiff did not enter into the settlement by force or duress based on his lawyer's statement regarding there being a "target on his back." "To demonstrate duress, a party must show '(1) that one side involuntarily accepted the terms of another, (2) that circumstances permitted no other alternative, and (3) that said circumstances were the result of coercive acts of the opposite party.' " *Berman v. Kafka*, 518 F. App'x 783, 786 (11th Cir. 2013) (quoting *Woodfruff v. TRG-Harbour House, Ltd.*, 967 So. 2d 248, 250 (Fla. 3d DCA 2007)). Here, Plaintiff has not met the high burden to demonstrate that he was subjected to external pressure that "practically destroy[ed] [his] free agency," such that he was forced to enter into the settlement agreement. *Berman*, 518 F. App'x at 786 (quoting *Cooper v. Cooper*, 69 So. 2d 881 (Fla. 1954)).

3

Plaintiff also asserts that his release from jail was the subject of the settlement conference, and "the oral agreement joked about is part of the mediation settlement agreement." ECF No. 113 at 5. But, without dispute, the settlement agreement that Plaintiff signed does not include any terms regarding Plaintiff's release from custody or having any of his pending criminal charges dropped. Nor is this surprising, as Plaintiff, himself, testified that he understood the City of Tallahassee, in its representative capacity at the settlement conference, "has no control over the state attorney's office." ECF No. 112 at 14. In addition, Plaintiff testified that he speaks English, can read, and he "went over" the agreement before he signed it. *Id*. at 13–14. And Mr. Printy testified that he read the agreement, Plaintiff read the agreement, and nobody asked for any edits regarding the terms of the written agreement. *Id*. at 46. It was Mr. Printy's impression that Plaintiff expected that his bond hearing would be successful the day after the settlement conference, not that he expected to be released as a term of the settlement. *Id*. Nonetheless, Plaintiff asserts in his objections that he has mental issues, has a fifth grade education, and should have been accommodated for his disabilities during the settlement conference. ECF No. 113 at 5. But aside from briefly testifying that he has "a mental problem," and doesn't "have a clear understanding of what's going on," Plaintiff did not elaborate on the record with respect to his alleged disabilities. *See* ECF No. 112 at 16. Moreover, Plaintiff insisted he has the "capacity to enter into a contract." *Id*. And

4

the record demonstrates that Plaintiff has experience with entering into settlement agreements in other cases. *See id.* at 41. Although Plaintiff may have mistakenly believed he would be released from jail based on a conversation that occurred during the settlement conference, he was not misled about the terms of the agreement. Plaintiff testified that he knew the City of Tallahassee did not control the prosecutors in his case and he had an opportunity to review the agreement and to discuss its terms with his attorney before he signed the final agreement. In short, this Court agrees with the Magistrate Judge's conclusion that Plaintiff is simply suffering from a case of buyer's remorse.

Finally, Plaintiff asserts the evidence supports withdrawing his settlement agreement and granting a preliminary injunction against the Tallahassee Police Department, a non-party to this action. ECF No. 113 at 7. He asks this Court to allow him to withdraw from the settlement and to appoint a new lawyer to assist him in pursuing his underlying claims. ECF No. 98 at 2. But Plaintiff is entitled to neither request. Without dispute, an injunction against the police department was not a term of the agreed-upon settlement, and, given that Plaintiff is not entitled to withdraw from the settlement agreement, any request for additional relief must be brought in a future action against the appropriate party. Moreover, inasmuch as Plaintiff has settled this case, he is not entitled to the appointment of counsel to pursue his civil claims any further.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 103, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Plaintiff's motion, ECF No. 98, is **DENIED**. The Clerk shall close the file.

**SO ORDERED on December 3, 2024.**

                                                      <u>s/Mark E. Walker</u>
                                                     **Chief United States District Judge**